## MARY A. CURTIS vs. SAINT PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD COMPANY.

### April 30, 1875.

**Condemnation of Land—Form of Judgment to be Entered on Verdict.**—In proceedings for condemning land to public use, under Title 1, ch. 34, Gen. Stat., a bond having been given on appeal taken, pursuant to § 23 of said title, the judgment authorized to be entered on a verdict found therein, is one not only settling and declaring the right of the company seeking to appropriate the property to the use thereof, upon payment made, but also in favor of the landowner, for the amount of compensation, as found by such verdict, and adjudging and declaring his absolute right thereto.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a modification of the judgment entered in that court, May 4, 1874, after the order denying a new trial had been affirmed by this court. See 20 Minn. 28.

*A. B. Stickney*, for appellant.

*Bigelow, Flandrau & Clark*, for respondent.

CORNELL, J. This is an appeal from an order made at a special term of the district court of Ramsey county, denying a motion of defendant to set aside or modify the judgment entered in said action, on the ground that the same did not conform to the requirements of the statute under which the proceedings therein were had.

From the record before us, the following must be assumed as facts established upon the hearing and determination of said motion in the district court. The defendant, being a

32

railroad corporation organized under the general laws of the state, after having located its line of road across certain lands of plaintiff, instituted proceedings, under the provisions of Title 1, ch. 34, Gen. Stat., to condemn portions of said lands for the purposes of its road, prosecuted the same to an award of commissioners, which was duly made and filed, from which an appeal was taken and tried, and upon the verdict rendered therein the judgment in question was entered. On the filing of the award, and the taking of the appeal therefrom, the company took possession of the lands in controversy, and in order to prevent any delay in the construction of its road, and the prosecution of its work, executed, and filed with the clerk of the district court, the bond required by § 23 of said title and chapter. This satisfied the constitutional requirement, that "just compensation must be first paid or secured, before private property can be taken for public use." *Weir* v. *St. Paul, S. & T. F. R. Co.*, 18 Minn. 155. It will be seen from this statement of facts that the sole question necessary to be considered and determined, relates to the form and character of the judgment entered, as respects its conformity with the statutory requirements of ch. 34, Gen. Stat.

The point of objection made against it by appellant is that it erroneously "orders, adjudges and decrees that the said Mary A. Curtis have judgment against said company for the amount of the verdict and interest," etc., thereby, in effect, enabling her to enforce it against the company, instead of leaving it optional with the latter either to make payment and perfect its title, or wholly to abandon the proceedings and the land thus taken and condemned.

It is claimed, on behalf of the appellant, that the only authority for the entry of judgment upon the verdict is derived from § 26 of this chapter of the general statutes, which fully prescribes its character and form, and must be strictly complied with; that by its provisions, the judgment authorized to be entered is one for the benefit of the company alone; in form, simply "declaring and adjudging that

upon payment of the verdict,  *  *  the right to construct its railroad, and to take, use and appropriate the property in controversy on said appeal, for said railroad purposes, shall, as against the parties interested in such verdict,  *  *  be and remain in said corporation, their successors and assigns forever.''

It is obvious that this section must receive a construction in harmony with the other provisions of the statute of which it forms a part; and in view of its remedial character, it must also be liberally and beneficially construed.   One of the conditions of the bond provided, by § 23 of this statute, to be given as security for the just compensation for the property taken, is that the obligors therein named ''shall pay whatever amount may be required by the judgment of the court therein.''   This evidently contemplates an absolute, unconditional judgment in favor of the landowner, for the amount of his compensation, as it may finally be ascertained on the trial of the appeal, and not one by the terms of which the payment of such amount shall be left dependent upon the pleasure of the company, and its election either to pay, or to abandon the further use of the land taken.   As is very pertinently suggested by respondent's counsel, if the judgment rendered and entered does not require any amount to be paid, except upon a contingency that may never happen, and which is wholly within the power of the company at any time to prevent, by simply discontinuing all further proceedings and use of the property taken, of what avail is the bond as a security?   No breach of its condition can possibly occur, because that depends upon a judgment of the court *requiring* the payment, by the company, of a certain amount, and according to the theory of the appellant, no such judgment can ever be rendered.   This practically results in giving the company power to evade the constitutional prohibition against taking private property for public use, without just compensation first paid or secured, and to take, hold and enjoy the property of a citizen, in defiance of his rights, so long as it can successfully be kept in litiga-

tion, and without any redress, except in an action of trespass for damages, after the termination of the proceedings, and their abandonment by the company. A construction of the statute in question, leading to such results, is not warranted by anything found in its context or language. It is the judgment of this court that the order appealed from be affirmed.