DANIEL M. ROBBINS *vs*. THE SAINT PAUL, STILLWATER & TAY-
LOR'S FALLS RAILROAD COMPANY.

## October 10, 1877.

**Condemnation of Land—Form of Judgment.**—In all cases of condemnation to
public use, under title 1, *c.* 34, Gen. St., the owner of lands is entitled
to a personal judgment against the company or party instituting the
proceedings for the damages awarded.

Proceedings were instituted by the defendant under the pro-
visions of title 1, *c.* 34, Gen. St., to condemn certain lands,
including a lot belonging to plaintiff.     Commissioners having
been appointed, and their award having been filed, the plaintiff
appealed to the district court for Ramsey county.     Verdict was
rendered upon the appeal in favor of the plaintiff, Robbins,
and a judgment was entered thereon, in which it was "ordered,
adjudged and decreed that the said appellant, Daniel M.
Robbins, do have and recover judgment herein against the
said respondent, the St. Paul, Stillwater & Taylor's Falls
Railroad Company." The defendant not having taken posses-
sion of the lot, and not having given the bond provided for by
section 23, tit. 1, *c.* 34, Gen. St., moved at a special term of
the court, *Simons*, J., presiding, that the said judgment be set
aside or modified.     The motion was denied, and the defendant
thereupon appealed.

*Bigelow, Flandrau & Clark*, for appellant.

*Lamprey & James*, for respondent.

GILFILLAN, C. J.     This case must be governed by the decis-
ion in Curtis against this defendant, 21 Minn. 497.     The
decision in that case was not, as seems to be assumed by the
appellant, that there may be two kinds of judgment upon
appeals in these proceedings, under chapter 34, Gen. St.;
one kind where the company gives security in order to
obtain possession of the land before the appeal is deter-
mined, and another kind where no such security is given.

Section 26 provides that the judgment shall declare what right the company shall acquire by payment.

The court held, in the Curtis case, that section 26 does not state all that must be inserted in the judgment, and to show this to be so, referred to the provisions of section 23, which imply that the judgment shall require payment by the company. To ascertain what is the proper judgment to enter in such cases, it construed both sections together.

Order affirmed.