LAFAYETTE G. M. FLETCHER v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

February 1, 1897.

Nos. 10,385—(261).

**Eminent Domain—Petition—Amendment.**

The petitioner in condemnation proceedings may legally amend his petition, with leave of the court, so as to strike therefrom land as to which he does not wish to continue the proceedings, the owner of such land not objecting.

**Railway—City Ordinance—Evidence.**

The respondent, having decided to change the line of its railway through the city of Mankato, instituted proceedings in this matter to condemn the right of way for its new line, and on the hearing of its petition it offered in evidence an ordinance of the city authorizing such change, which was objected to on the ground that its provisions as to rights in the streets which it purported to grant to the respondent were invalid. No rights of the respondent in any of the streets were involved in such hearing. *Held*, that the ordinance was rightly received in evidence.

**Same—Cost.**

On such hearing the material and competent evidence was such as to require a finding that public interests required and would be promoted by the construction and operation of the proposed new line. *Held*, that it was not reversible error to receive other evidence tending to show the amount already expended by respondent on the line.

**Alteration of Route.**

*Held*, that the evidence was sufficient to sustain the finding of the trial court to the effect that the board of directors of the respondent duly determined, by a two-thirds vote of the whole number thereof, to alter the line of its railway as proposed in its petition.

[1] Reported in 69 N. W. 1085.

**Petition—Allegations.**

It is not necessary, in a petition to condemn land for railway purposes, to specify the particular public use to which each tract of land is to be put. A general allegation of the purposes for which it is sought to acquire the land described in the petition is sufficient, for the landowner's damages are to be assessed upon the hypothesis that the land to be acquired is liable to be appropriated for any or all of the public uses stated in the petition at any time when the railway company deems such use necessary or expedient.

**G. S. 1894, § 2750.**

G. S. 1894, § 2750, which authorizes any railroad corporation to alter its railway line whenever it shall appear to its board of directors that the line can be improved thereby, and expressly confers upon such corporation "the same rights and privileges to build such road as altered, as if it were the original line," construed, and *held*, that it authorizes such corporation to condemn land for such new line, and that the respondent herein has such right.

**Appealable Order.**

An order denying a motion to set aside the report of the commissioners in condemnation proceedings is not appealable. Whether an order appointing them is,—quære.

Appeals by Lafayette G. M. Fletcher from orders of the district court for Blue Earth county, Severance, J., the one appointing commissioners in condemnation proceedings, and the other denying a motion to set aside the report of the commissioners. Order appointing commissioners confirmed. Appeal from the order denying the motion to set aside the report dismissed.

*Fletcher & Taylor* and *John A. Larimore*, for appellant.

The city ordinance was an attempt on the part of the council to delegate to the company a legislative function, and hence is void. Oakland v. Carpentier, 13 Cal. 540; Thompson v. Schermerhorn, 6 N. Y. 92; East St. Louis v. Wehrung, 50 Ill. 28; Kinmundy v. Mahan, 72 Ill. 462; Ruggles v. Collier, 43 Mo. 353; Thompson v. Boonville, 61 Mo. 282; Darling v. St. Paul, 19 Minn. 336 (389); Minneapolis G. L. Co. v. City of Minneapolis, 36 Minn. 159, 30 N. W. 450; Cooley, Const. Lim. 204 et seq.; Dillon, Mun. Corp. (4th Ed.) § 96. This ordinance, if held valid, would deprive abutting owners of the use of their property without compensation.

It was incumbent upon petitioner to show the proceedings at the meeting of the board of directors of petitioner were regular. Derby v. Framingham & L. R. Co., 119 Mass. 516; Prather v. Jefferson M. & I. R. Co., 52 Ind. 16, 37; Bensley v. Mountain L. W. Co., 13 Cal. 306, 316; Matter of Poughkeepsie Br. Co., 108 N. Y. 483, 15 N. E. 601; Hull v. Chicago, B. & Q. Ry. Co., 21 Neb. 371, 32 N. W. 162. The petition should show the purposes for which the property is to be taken and the uses to which it is to be put. Valley R. Co. v. Bohm, 34 Oh. St. 114; Bay City B. L. R. Co. v. Hitchcock, 90 Mich. 533, 543, 51 N. W. 808; Matter of N. Y. Central & H. R. R. Co., 5 Hun, 86; Bottoms v. Brewer, 54 Ala. 288; Rensellaer & S. R. Co. v. Davis, 43 N. Y. 137; Lance's Appeal, 55 Pa. St. 16.

For the purpose of improving this property the railroad cannot now exercise the power of eminent domain. Brigham v. Agricultural B. R. Co., 1 Allen, 316; Moorhead v. Little M. R. Co., 17 Oh. 340; Mason v. Brooklyn C. & N. R. Co., 35 Barb. 373, 381; Morris & E. R. Co. v. Central R. Co., 31 N. J. Law, 205; Little M. R. Co. v. Naylor, 2 Oh. St. 236, 239; Hudson & D. C. Co. v. New York & E. R. Co., 9 Paige Ch. 322; Matter of Poughkeepsie Br. Co., 108 N. Y. 483, 491, 15 N. E. 601; Blakemore v. The Glamorganshire Canal Nav., 1 Mylne & K. 154, 165; Derby v. Framingham & L. R. Co., 119 Mass. 516; 1 Redfield, Railways, 391; Mills, Em. Dom. 58.

*Thomas Wilson, L. K. Luse* and *Lorin Cray*, for respondent.

The evidence shows the meeting of the directors was regularly called. But in the absence of such evidence that would be presumed. 1 Morawetz, Corp. (2d Ed.) § 532; 1 Thompson, Corp. § 789; 3 Thompson, Corp. §§ 3926, 3927, 3934; 5 Thompson, Corp. § 6479; Wells v. Rodgers, 60 Mich. 525, 27 N. W. 671; Sargent v. Webster, 13 Metc. (Mass.) 497; Heintzelman v. Druids, 38 Minn. 138, 36 N. W. 100. No railroad company could foresee in advance where it might be necessary in the future to put in a sidetrack, or erect an elevator or water tank, or extend the limits of its yard, nor could the landowner be prejudiced by an omission to particularize in the petition, for he is entitled to damages for the taking for any and all legitimate purposes of the railroad. Wilkin v. First Div. St. P. & P. R. Co., 16 Minn. 244 (271). There is nothing in the opinion that petitioner has no legal right to condemn land for the use of its new line. G. S. 1894, §§ 2645, 2646, 2750; State

v. St. P., M. & M. R. Co., 35 Minn. 131, 28 N. W. 3; People v. Dutchess & C. R. Co., 58 N. Y. 152, 165, 166; Sp. Laws 1879, c. 183, § 2; Sp. Laws 1881, c. 372.

· START, C. J.[2]  The respondent instituted proceedings in the district court of the county of Blue Earth to condemn certain lands to enable it to change the line of its railway through the city of Mankato.  On its petition, commissioners to assess the damages of the owners of such lands were, by the order of the court, appointed. The appellant, one of the landowners, appealed from the order, giving a supersedeas bond, but the respondent gave a counter bond under the provisions of G. S. 1894, § 2613, and the commissioners proceeded with their work, assessed the damages, and made their report to the court.  Thereupon the appellant made a motion to set aside the report.  It was denied, and he appealed from the order denying his motion.  The appeals will be considered in the order in which they were taken.

1. The respondent was permitted by the trial court, against the objection and exception of appellant, to strike from its petition a certain lot described therein.  This ruling is assigned as error.  The appellant had no interest in the lot omitted from the petition, and such amendment of the petition did not in any manner change the proposed line of respondent's railway, or affect any interest of appellant in the slightest degree.  While it is true, as claimed, that the filing of a proper petition and the giving of due notice as required by the statute [3] are jurisdictional, and that amendments to supply omissions in the petition which go to the jurisdiction of the court ought not to be allowed, still any formal amendments, such as striking from the petition land as to which the petitioner does not wish to continue the condemnation proceedings, ought to be allowed, especially so when, as in this case, the owner of the land does not object, and none of the other landowners can be prejudiced thereby.  The ruling complained of was right.

2. The respondent gave evidence against the objection and exception of appellant, to the effect that it had expended on its proposed new line some $100,000, and that, if it was delayed in the work of completing it until cold weather, the cost of the work would be

2 Buck, J., took no part.          3 G. S. 1894, § 2606.

materially increased. It is true that this evidence was not material upon the question whether public interest required and would be promoted by the prosecution of the enterprise, but it is apparent from the record that the evidence was offered for the purpose of showing that, if the respondent was entitled to prosecute the enterprise, it should be permitted to do so without unnecessary delay. In any view of the case, it was not reversible error to receive the evidence, for the material and competent evidence in the case was such as to require a finding that public interest required and would be promoted by the prosecution of the enterprise.

3. The respondent introduced in evidence an ordinance of the city of Mankato authorizing the respondent to change its line of railway through the city, and relocate and operate it along the line indicated by the map referred to in the ordinance, being the same line described in the petition. The receiving of this ordinance in evidence is urged as error on the ground that the ordinance attempts to confer upon the respondent unauthorized rights in and over the streets of the city; that the streets which it is authorized to use are not designated, but are to be selected by respondent; and that the ordinance delegates to it legislative functions, and that the effect of the ordinance is to deprive the owners of land abutting upon the streets of their property without compensation. None of the property of the appellant is affected by the ordinance, and no question as to the right of the respondent to use any of the streets of the city by virtue of the ordinance is involved in this appeal; hence it is unnecessary to inquire whether it is invalid in the respects claimed. It was offered in evidence to show that the city had consented to and authorized the change of line as required by G. S. 1894, § 2750. For this purpose it was properly received.

4. The next alleged error is that the evidence offered by the respondent to establish the fact that its board of directors, by a two-thirds vote of the whole number thereof, determined to alter the line of its railway, was incompetent, and insufficient to prove such fact.

The evidence, both oral and documentary, was competent, and was sufficient to sustain the finding of the trial court to the effect that all the allegations of the petition are true, which necessarily includes a finding that the respondent's board of directors did, by a two-thirds vote, adopt a resolution altering its line as set forth in

the petition, and that such resolution was recorded as required by the statute. There is evidence other than the records of the respondent to show that the meeting at which the resolution was adopted was duly called, but the record of the proceedings of the board of directors received in evidence show that a quorum was present. This is prima facie evidence that all were notified. Heintzelman v. Druids R. Assn., 38 Minn. 138, 36 N. W. 100, 1 Morawetz, Priv. Corp. § 532. Upon the question whether the resolution was carried by a two-thirds vote, in addition to the record, which states that the resolution was carried (a resolution to change the line could only be carried by a two-thirds vote), there was the evidence of one of the directors, who was present at the meeting of the board, to the effect that all of the directors present, nine in number,—an admitted two-thirds,— to his positive knowledge voted for the resolution, except that he did not hear the director in the chair vote for the resolution, but that he declared the resolution carried, and certified to the map showing the change. This record and the oral evidence establishes prima facie that the resolution was adopted by a two-thirds vote. Heintzelman v. Druids R. Assn., supra.

5. Another alleged error is that the order appointing the commissioners provided for the acquiring by respondent of an absolute title in fee to the land taken. It is not clear that the order is susceptible of such a construction, but we need not decide the question, for, no matter what the language of the order may be, the respondent cannot acquire thereby any greater title to or easement in the land of the appellant than the law permits it to acquire by condemnation proceedings. Scott v. St. Paul & C. R. Co., 21 Minn. 322; Gurney v. Minneapolis U. E. Co., 63 Minn. 70, 65 N. W. 136.

6. The land of the appellant sought to be acquired by the condemnation proceedings is a strip 300 feet in width. The appellant claims that there is no necessity shown by the petition or the evidence for taking so wide a strip for the purpose of operating the proposed line of railway over his land; that it is necessary for the petition to state the particular use to which land of each owner is to be appropriated; and that, in the absence of any allegation in the petition that the particular tract here in question was to be used for depots, warehouses, side tracks, and other general railway purposes, the petitioner cannot use the land taken under its petition for any other purpose "than

as a right of way on which to lay one single main track and telegraph line"; hence there can be no necessity for taking so wide a strip of his land. The petition alleges that it is necessary, for the purposes of changing, constructing, and operating this line of railway, to take all of the land therein described to the full width indicated on the map filed with the petition, not simply for a right of way, but for all of the purposes for which it is necessary for a railway company to acquire land in order to build and operate its line. The petition alleges in detail such purposes, including necessary buildings, structures, yards, etc. All of these allegations apply to the appellant's land, and the respondent seeks to take the whole 300 feet in width for all of these purposes, and alleges that it is necessary so to do in order to change and operate its line. The trial court found these allegations true, and also that public interest required the prosecution of the work. Such finding is a conclusive answer to the claim of the appellant.

It is not necessary to specify in the petition the particular public use to which each tract of land is to be put. A general allegation of the purposes for which it is sought to acquire the land described in the petition is sufficient. It would be impossible for a railway company to foresee and specify the particular use, and the extent thereof, to which it might be necessary in the future to put each parcel of land to be taken for railway purposes. The rule we have stated cannot prejudice the landowners, for by the petition they are advised that the land to be taken is liable to be appropriated for any or all of the public uses stated in the petition, and their damages are to be assessed upon the hypothesis that it may be so used at any time if the railway company deems such use necessary or expedient. Wilkin v. First Division, 16 Minn. 244 (271).

7. Lastly, the appellant claims that the petitioner in this case has no legal right to condemn land for the purpose of changing its line of railway. We agree with counsel for appellant that statutes authorizing the exercise of the power of eminent domain are to be strictly construed, and that the power exists only when expressed in the statute in definite language, which cannot reasonably be construed to mean anything else. But we do not agree with counsel in his claim that any alteration in the line of a railway which benefits the railway company does not necessarily benefit the public. The

reverse of the proposition is true, for any change in the line whereby the company is enabled to maintain the line at less expense, or operate it with greater safety and convenience and more economically, is necessarily a benefit to the public, and promotes its interest.

The statutes under which the respondent claims the right to condemn land for the purpose of changing its line must be construed in the light of this proposition. So construing them, it is clear that the right is conferred in definite language, which cannot reasonably mean anything else. G. S. 1894, § 2645, provides that any railroad company now existing or hereafter organized which has authority under the laws of the state to build and operate a railroad in this state shall have power to acquire by condemnation all land necessary for the full enjoyment and operation of its road. The respondent has all of the powers conferred by this statute. Sp. Laws 1879, c. 183; Sp. Laws 1881, cc. 219, 228. The respondent had the undoubted right to condemn land for its original line. Now, G. S. 1894, § 2750, authorizes any railroad corporation to alter its line whenever it shall appear to its board of directors that the line can be improved thereby, and they so determine by a vote of two-thirds of the whole number, and complying with the other provisions of this statute: "Thereupon it shall have the same rights and privileges to build such road, as altered, as if it were the original line." In order to build its original line, the respondent had the right to acquire the land to build it on either by purchase or condemnation; and as to the altered line it has all, not a part, of the rights it had as to the original. It therefore has the right to acquire the necessary land for its altered line by condemnation.

8. We have disposed of the appeal from the order appointing commissioners upon the merits, although the respondent insists that the order is not appealable. We have done so because this court held such an order appealable in the case of In re St. Paul & N. P. Ry. Co., 34 Minn. 227, 25 N. W. 345, and it may be presumed that the appeal was taken in reliance on this prior decision. But because we have so disposed of this appeal we are not to be understood as holding that the order is appealable. Upon the question whether the decision which we have referred to shall be followed or overruled, we express no opinion.

9. The second appeal herein is from an order denying the appellant's motion to set aside the report of the commissioners. The order is not appealable. It is neither an order which, in effect, determines the action, and prevents a judgment from which an appeal might be taken, nor a final order affecting a substantial right in a special proceeding. Turner v. Holleran, 11 Minn. 168 (253); Kanne v. Minneapolis & St. L. R. Co., 33 Minn. 419, 23 N. W. 854.

In the last case cited it was said that an order denying a motion to set aside the award of the commissioners was not appealable. That such an order does not determine the proceeding, and prevent a judgment, is obvious. That it is not a final order affecting a substantial right is also clear, for the statute provides for the entry of a judgment on the assessment or award of damages by the commissioners, or on the verdict of a jury in case of an appeal to the district court; and the order may be reviewed as an intermediate one on appeal from such judgment. This is apparent from the character of the judgment to be entered in condemnation proceedings pursuant to G. S. 1894, § 2615. Such judgment is one adjudging and declaring the right of the petitioner to take, use, and appropriate the land in controversy upon paying the damages awarded, and also one in favor of the landowner for the amount of the compensation awarded for such taking. Curtis v. St. Paul & S. R. Co., 21 Minn. 497; Robbins v. Same, 24 Minn. 191. The order appointing the commissioners is affirmed, and the appeal from the order denying the motion to set aside their report is dismissed. So ordered.