DULUTH TRANSFER RAILWAY COMPANY and Another v. DULUTH
TERMINAL RAILWAY COMPANY and Others.[1]

August 1, 1900.

Nos. 12,190—(261).

## Appeal—Eminent Domain—Appointment of Commissioners.

An order appointing commissioners in condemnation proceedings is not
appealable. Such order, and all other intermediate orders made in the
proceedings, may be reviewed on appeal from the final judgment to be
rendered therein.

## In re St. Paul & N. Pac. Ry. Co. Overruled.

In Matter of St. Paul & N. Pac. Ry. Co., 34 Minn. 227, on the point that
such an order is appealable, is overruled.

Appeal by defendant Duluth Terminal Railway Company and
others from an order of the district court for St. Louis county, Cant,
J., appointing commissioners in condemnation proceedings. Dis-
missed.

*M. D. Grover*, for appellants.

*H. F. Stevens* and *John G. Williams*, for respondents.

BROWN, J.

This cause is before this court on an appeal from an order of the
district court of St. Louis county appointing commissioners in con-
demnation proceedings. Respondents make the point that the order
is not appealable. As we sustain this objection, no other question
in the case will be considered.

The question whether such an order is appealable first came be-
fore the court in the case of In Matter of St. Paul & N. Pac. Ry. Co.,
34 Minn. 227, 25 N. W. 345, where it was held appealable. It does
not appear from the record in that case that respondent therein
raised the point. It was, however, argued by appellant, probably in
anticipation that respondent would make it, and the court ex-
pressly decided it. The question next came before us in the case
of Fletcher v. Chicago, St. P., M. & O. Ry. Co., 67 Minn. 339, 69 N. W.
1085, where doubts were inferentially expressed as to the correct-

[1] Reported in 83 N. W. 497.

.ness of the former decision, but the question was not expressly decided.   Whether the former case should be overruled was left for future consideration.   As we now read the decision in the Fletcher case, we think the question was there practically decided.   It was there expressly held that an order denying a motion to set aside the report of the commissioners was not appealable, and the decision was placed in part on the ground that such an order is not a final order affecting a substantial right in a special proceeding.   And it was further said that the statute on the subject of proceedings of this nature contemplated the entry of a final judgment, from which an appeal may be taken, and on which the order could be reviewed as an intermediate order as on appeals from other judgments. There is no substantial difference between the order there under consideration, so far as the right of appeal is concerned, and the one here involved.

The order appointing commissioners is not a final order, any more than an order denying a motion to vacate the former.   If, as suggested by counsel for appellants, no final judgment is contemplated or authorized by the statutes in proceedings of this kind, clearly the order appointing commissioners would be final, and certainly appealable.   But, as in the Fletcher case, we hold that the statutes authorize and provide for a final judgment; and the order appointing commissioners, and all questions incident thereto, including the right of the receiver to institute and prosecute the proceedings, and the questions as to the propriety and necessity of the proposed improvement, may be reviewed on an appeal therefrom.   All intermediate orders made in such proceedings may be reviewed on the appeal from the final judgment.   Counsel undoubtedly anticipated that the court would definitely settle this question one way or the other, and in all probability took this appeal out of caution.   In Matter of St. Paul & N. Pac. Ry. Co., supra, is overruled on this point.

Appeal dismissed.