RUTH GARDNER FLEISCHMANN AND ANOTHER v.
NORTHWESTERN NATIONAL BANK AND
TRUST COMPANY.[1]

April 5, 1935.

No. 30,206.

[1]Reported in 260 N. W. 313.

*Richardson D. Barrett,* for appellants.
*Cobb, Hoke, Benson, Krause & Facgre,* for respondent.
*Best, Flanagan & Rogers,* filed a brief *amici curiae.*

PER CURIAM.

· This is a companion case to No. 30,205, opinion filed this day. Fleischmann v. N. W. Nat. B. and T. Co. 194 Minn. 227, 260 N. W. 310. The facts in this case are in substance the same as those therein involved, and repetition thereof is not necessary. The relief sought in this case was to compel respondent to render accounts to appellants of its administration of the trust from the time of its formation to the date of the application. The court issued an order to show cause which was duly served upon the respondent. The entire matter was submitted upon affidavits, substantially the same as, if not identical with, those referred to in the companion case mentioned. After considering the matter the trial court discharged the order to show cause because it found as a matter of fact that the trustee had complied with paragraph 14 of the trust agreement, which provides for the rendering of an annual account by the trustee to the beneficiaries interested in the income or body of the trust. In other words, the court found in substance and effect that no further accounts were required under the trust agreement and for that reason discharged the order to show cause. This is an appeal from that order.

What was said in the opinion in the companion case probably compels affirmance. But we are also confronted with the further fact that the order from which the appeal is taken is not an appealable order. See 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 298, and particularly "orders held not appealable" appearing on p. 159 of that volume. We think what was said in Minneapolis Trust Co. v. Menage, 66 Minn. 447, 448, 69 N. W. 224, 225, is applicable here:

"The order does not involve 'the merits of the action,' as that term has been construed by the repeated decisions of this court, nor is it a final order affecting a substantial right in a special proceeding. It does not put an end to the proceedings."

Appeal dismissed.

STONE, JUSTICE, took no part.

