STATE, BY J. A. A. BURNQUIST, ATTORNEY GENERAL, v. GEORGE FUCHS AND OTHERS. EMOGENE J. SIMONS AND OTHERS, APPELLANTS.[1]

May 15, 1942.

No. 33,228.

O. A. Blanchard, John W. McConneloug, Worth K. Rice, John C. Zehnder, and Edwin Murphy, for appellants (respondents below).

J. A. A. Burnquist, Attorney General, Arthur Christofferson, Deputy Attorney General, and Bert McMullen, Special Counsel, for respondent (petitioner below).

[1]Reported in 4 N. W. (2d) 361.

Per Curiam.

The commissioner of highways made an order (No. 14,204) determining that it was necessary to acquire an easement over certain lands and also the right of access to the highway from lands abutting thereon. Condemnation proceedings under Mason St. 1927, c. 41, were instituted by the state thereon.

The district court denied the motion of interested property owners to dismiss the proceedings. Over their objection, it appointed commissioners to act in the matter. From the order appointing the commissioners, the property owners appeal. The attorney general moves to dismiss the appeal.

The appellants contend that the appeal is from a final order in a special proceeding, citing In re Proceedings by St. Paul & N. P. Ry. Co. 34 Minn. 227, 25 N. W. 345. The attorney general contends that the order for the appointment of commissioners is an intermediate, not a final, order and is not appealable.

Mason St. 1927, § 6553, provides for the entry of a final judgment in condemnation proceedings. The final judgment may be dispensed with under Mason St. 1927, § 6557-1(d), where the condemnation is by the state or any of its agencies or political subdivisions and the final certificate therein provided for is approved by the court and filed. The final certificate is in the nature of a final judgment. State, by Youngquist, v. Hall, 195 Minn. 79, 83, 261 N. W. 874, 876, where we said:

"Dispensing with the final decree therein mentioned does not change the statutory purpose and effect of the final certificate which is intended to and does take its place."

In any event, the proceedings contemplate a final judgment under § 6553 or § 6557-1(d). The law is well settled that an order appointing commissioners in eminent domain proceedings is not a final one and is not appealable. In Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co. 81 Minn. 62, 63, 83 N. W. 497, where we overruled the case cited by appellants, we said:

"The order appointing commissioners is not a final order, any more than an order denying a motion to vacate the former. If, as suggested by counsel for appellants, no final judgment is contemplated or authorized by the statutes in proceedings of this kind, clearly the order appointing commissioners would be final, and certainly appealable. But, as in the Fletcher case [Fletcher v. C. St. P. M. & O. Ry. Co. 67 Minn. 339, 69 N. W. 1085], we hold that the statutes authorize and provide for a final judgment; and the order appointing commissioners, and all questions incident thereto, including the right of the receiver to institute and prosecute the proceedings, and the questions as to the propriety and necessity of the proposed improvement, may be reviewed on an appeal therefrom. All intermediate orders made in such proceedings may be reviewed on the appeal from the final judgment. Counsel undoubtedly anticipated that the court would definitely settle this question one way or the other, and in all probability took this appeal out of caution. In Matter of St. Paul & N. Pac. Ry. Co., supra [34 Minn. 227, 25 N. W. 345], is overruled on this point."

The motion to dismiss the appeal is granted.

MR. JUSTICE STONE, being ill, took no part in the consideration or decision of this case.