[1] Reported in 19 N.W.2d 77.
[2] Former opinion, officially filed October 13, 1944, but not published, is withdrawn and the following opinion substituted in its place.
January 20, 1942, a finding was made by the district court of Dakota county in a condemnation proceeding that a proposed taking of land for highway purposes appeared to be necessary and such as is provided by law. It ordered the appointment of commissioners to ascertain and report the damages that would be sustained by the several owners on account of the taking, the nature of the estate to be acquired, and provided for the other routine matters incident to the appointment. A report was filed by the commissioners on March 31, 1942. No final certificate has been filed. The proceeding was therefore still pending when the questions here involved arose. State, by Peterson, v. Bentley, 216 Minn. 146, 152, 12 N.W.2d 347, 351.
On November 6, 1943, after the highway had been constructed over the lands involved in the original petition, and, as stated, before the final certificate had been filed, John C. Antl, an adjacent owner, moved the court for an order bringing his lands into the proceeding and asked that the commissioners theretofore appointed in the original proceeding, or other commissioners to be appointed, ascertain and report the amount of damages sustained by him by reason of flooding his land in the laying out and construction of the highway. His petition is supported by affidavit setting out the claimed damage. The state appeared specially and objected to the jurisdiction of the court to consider or grant the motion of Antl for an order bringing his lands into the proceeding. It assigned several reasons: (1) That no complaint in intervention had been served; (2) that no opportunity had been given *Page 131 
the state to join issue on the questions of law and fact concerning the alleged taking; (3) that the court was without jurisdiction on said motion (a) to find and determine that the lands, or any part thereof, described in the motion had been taken, destroyed, or damaged by reason of the construction of trunk highway No. 100; (b) to find and determine that the state had taken, will take, or that it is necessary to take any flowage rights or easements on the whole or any part of the lands of Antl; (c) to find and determine whether all or any part of the property of Antl should be brought into and included in the condemnation proceeding; and (d) to proceed to try and determine what lands of Antl had been taken, destroyed, or damaged so as to entitle the same to be brought into and included in the condemnation proceeding, since the state had not been given, nor would it be, on said motion, the right to have pleadings framed and issues joined and a trial of the issues made in accordance with law.
The state further appeared specially and objected to the jurisdiction of the court on the ground that without any due determination first made by the court of the particular lands, if any, taken or damaged by the laying out and construction of the highway the court lacked jurisdiction to refer to commissioners the ascertainment of damages occasioned by the taking.
On May 1, 1944, the court overruled the special appearance. It further ordered that the state, if it desired to do so, might file counter-affidavits to the motion to intervene, or, if it desired to do so and if the court deemed it advisable, offer oral testimony on that point. Counsel for the state was present when the order was made. The following proceedings were then had:
"* * * Accordingly the court will ask Mr. Brechet, who was required to appear this morning with reference to said notice of motion, whether or not the State desires to offer anycounter-affidavits or any evidence disputing any of the mattersor things alleged in the affidavit of Mr. Antl or in his noticeof motion to intervene. [Italics supplied.] *Page 132 
"By Mr. Brechet: The State does desire most heartily to offer evidence to the court in this case concerning the taking of the lands described in the notice of motion, but not in this method of notice of motion and affidavits, and for all of the reasons shown and set forth in our special appearance herein, the State asking that it only be determined in a matter in which pleadings are duly had and trial duly had whether or not any land was taken, and, therefore, the State must reluctantly stand on its special appearance herein and proceed no further upon the merits of the motion, limiting itself to the questions raised by its special appearance; and may I also take an exception to the order of the court overruling my special appearance?
"The Court: You may.
"The Court: In view of the stand taken by the State in these proceedings and it appearing to the court from the affidavit of John C. Antl and the notice of motion to intervene herein that the matters set forth therein are true and that said John C. Antl has been and will be damaged as set forth in said affidavit and notice of motion to intervene."
The court then appointed commissioners to ascertain and report the amount of damages, if any.
The state appealed from the order overruling the special appearance, granting the motion of Antl to intervene, and ordering the appointment of commissioners to ascertain and report the amount of damages, if any, sustained by Antl. The case is here on motion by intervener to dismiss the appeal. He contends that the order is not appealable.
Eminent domain is an attribute of sovereignty. Whenever the sovereign desires to exercise that power for authorized purposes, the owner of property must submit. Statutes have been enacted regulating the procedure in such proceedings. Property owners described in the petition who are served or who voluntarily appear are bound. The statute, Minn. St. 1941, § 117.05 (Mason St. 1927, § 6541), provides: "No owner not served as herein provided shall be bound by such proceeding unless he voluntarily appears therein." *Page 133 
At the hearing, the "court, * * * shall hear all competent evidence offered for or against the granting of the petition, regulating the order of proof as it may deem best." § 117.07 (§ 6543). In State ex rel. Simpson v. Rapp, 39 Minn. 65, 67,38 N.W. 926, 928, Mr. Justice Mitchell characterizes such proceedings as follows:
"* * * Condemnatory proceedings in the exercise of the right of eminent domain are not civil actions or causes within the meaning of the constitution, but special proceedings, onlyquasi judicial in their nature, whether conducted by judicial or non-judicial officers or tribunals. The propriety of the exercise of the right of eminent domain is a political or legislative, and not a judicial question. The manner of the exercise of this right is, except as to compensation, unrestricted by the constitution, and addresses itself to the legislature as a question of policy, propriety, or fitness, rather than of power. They are under no obligation to submit the question to a judicial tribunal, but may determine it themselves, or delegate it to a municipal corporation, to a commission, or to any other body or tribunal they see fit. Neither are they bound to submit the question of compensation incident to the exercise of the right of eminent domain to a judicial tribunal. Provided it be an impartial tribunal, andthe property-owner, has an opportunity to be heard before it, the legislature may refer the matter for determination to a jury, a court, a commission, or any other body it may designate." (Italics supplied.)
See, also, State ex rel. Smith v. Van Reed, 125 Minn. 194,145 N.W. 967.
In Town of Rost v. O'Connor, 145 Minn. 81, 83, 176 N.W. 166,167, 9 A.L.R. 1265, the court said:
"It is fundamental that the right of private ownership of property cannot be abridged or impaired in the interests of the public, except by due process of law, and the payment of just compensation. Due process of law means notice and opportunity to be heard at some stage of the proceeding in which it is proposed to so appropriate *Page 134 
private property, and statutes authorizing a taking or appropriation without are null and void."
Again, in In re Improvement of Third Street, 177 Minn. 146,153-154, 225 N.W. 86, 90, 74 A.L.R. 561, this court stated:
"All that is here required is to determine whether the hearing before the city council, together with the hearing on appeal, is sufficient to constitute due process of law and equal protection of the law under the fourteenth amendment to the federal constitution and art. 1, § 2, of the state constitution. We hold the procedure sufficient.
* * * * *
"* * * The power to condemn property is in the first instance legislative. But the legislature may and does delegate to courts, municipalities, municipal officers and boards the administrative and quasi judicial proceedings, to carry into effect the legislative power. The proceeding is in rem and largely administrative. The matter of fixing values and damages is at most quasi judicial."
Condemnatory proceedings deprive the owner of his property. If the due process clause is not violated by the condemnor, the owner must submit. To satisfy the requirements of the due process clause, the owner must have a reasonable opportunity to be heard and to present his claim or defense. So much for the owner, who must bow to sovereignty. In the instant case, the state is complaining rather strenuously that it is being deprived of certain rights without due process. The definition given in the Town of Rost case, supra, that due process, when considering the rights of a property owner, "means notice andopportunity to be heard at some stage of the proceeding."
applies equally to the state in a situation such as we have here. It must be conceded that the state had notice. The only question remaining is whether it had an opportunity to be heard. We have set out verbatim what transpired when the court made its order from which this appeal is taken. The court inquired of counsel for the state whether the state desired to offer any counter-affidavits or any evidence disputing *Page 135 
any of the matters alleged in intervener's affidavit or in his notice of motion to intervene. His reply was to the effect that he wished to offer evidence, but not by the method of notice and motion. He referred to the reasons set forth in the state's special appearance, and insisted that the matter be determined only in a proceeding in which there were pleadings and a trial duly had, and he refused to proceed further upon the merits of the motion. He insisted upon the service of a complaint in intervention. It would seem that under these facts the state had ample opportunity to be heard and that the constitutional requirements of due process had not been violated. The fact that the proceeding has been enlarged by intervention does not change its character. It is still a condemnation proceeding. It is a special proceeding and lacks many of the formalities of the ordinary civil action. State ex rel. Simpson v. Rapp,39 Minn. 65, 67, 38 N.W. 926, 928, supra. Such a proceeding is instituted by petition and notice, not by summons and complaint, and is heard at special terms of court. Since the state here refused to proceed under circumstances as we have related them, the court decided the motion as a matter of default on the petition and on intervener's affidavit. The state made no request to the court to be permitted to serve and file an answer. It insisted that intervener first file a complaint in intervention before it be required to do anything.
Intervener claims that the order appealed from is not appealable and asks that it be dismissed. This is not an appeal from an order refusing the state the right to serve and file an answer to a petition in intervention. That question is considered and determined in State, by Peterson, v. Anderson,220 Minn. 139, 19 N.W.2d 70. As we understand the state's position, it admits that an omitted landowner may be permitted to intervene by motion.
1. The general rule is that the order granting intervention is not appealable. In 4 C.J.S., Appeal and Error, § 116, p. 214, the rule is stated:
"* * * general rule is that an interlocutory or discretionary order or decree permitting or refusing to permit intervention in *Page 136 
the cause is not appealable, this being the rule even as against a petitioner denied the right to intervene where the petition is addressed to the sound discretion of the court."
The law is, of course, that an appealable order requires final determination of the action or some positive legal right relating thereto. Seeling v. Deposit B. T. Co. 176 Minn. 11,222 N.W. 295. An order not involving the merits of an action is not appealable. Fleischmann v. N.W. Nat. B. T. Co.194 Minn. 234, 260 N.W. 313; Meacham v. Ballard Co. 180 Minn. 30,230 N.W. 113.
2. In Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co.81 Minn. 62, 63, 83 N.W. 497, where it was held that an order appointing commissioners in condemnation proceedings is not appealable and that such order and all other intermediate orders made in the proceedings may be reviewed on appeal from the final judgment to be rendered therein, the court said:
"The order appointing commissioners is not a final order, any more than an order denying a motion to vacate the former. If, as suggested by counsel for appellants, no final judgment is contemplated or authorized by the statutes in proceedings of this kind, clearly the order appointing commissioners would be final, and certainly appealable. But, as in the Fletcher case [Fletcher v. C. St. P. M. O. Ry. Co. 67 Minn. 339,69 N.W. 1085], we hold that the statutes authorize and provide for a final judgment; and the order appointing commissioners, and all questions incident thereto, including the right of the receiver to institute and prosecute the proceedings, and the questions as to the propriety and necessity of the proposed improvement, may be reviewed on an appeal therefrom. All intermediate ordersmade in such proceedings may be reviewed on the appeal from thefinal judgment." (Italics supplied.)
The order in the above case not only appointed commissioners, but also determined that, to serve the public interests, it was necessary for petitioners to take, appropriate, and use the strip of land involved. It ordered petitioners to pay or secure to the landowners *Page 137 
all damages and compensation to which they would be entitled. The appeal was from the whole order.
In State, by Burnquist, v. Fuchs, 212 Minn. 452, 453,4 N.W.2d 361, 362, in a proceeding for the condemnation of land for highway purposes, this court, following the Duluth Transfer Railway case, said:
"In any event, the proceedings contemplate a final judgment under [Mason St. 1927] § 6553 or § 6557-1(d). The law is well settled that an order appointing commissioners in eminent domain proceedings is not a final one and is not appealable."
In Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631,89 L.ed. ___, a proceeding for the condemnation of land, the question for review was whether orders entered in the course of the proceeding are appealable as "final decisions" within the meaning of Judicial Code, § 128, as amended, 28 U.S.C. § 225 (a), 28 USCA, § 225 (a). The landowners filed a motion to vacate the "judgment" and dismiss the petition, which the court denied, and the landowners appealed. The court said (324 U.S. 233, 65 S.Ct. 633, 89 L. ed. ___ ):
"Their right to appeal rests upon § 128 of the Judicial Code. This limits review to 'final decisions' in the District Court. A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. St. Louis, I. M. S. R. Co. v. Southern Express Co., 108 U.S. 24, 28, 2 S.Ct. 6, 8, 27 L. ed. 638. Hence, ordinarily in condemnation proceedings appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including ownership and just compensation, as well as the right to take the property. This has been the repeated holding of decisions here. The rule applies to review by this Court of judgments of state courts, in advance of determination of just compensation, although by local statute 'judgments of condemnation,' i. e., of the right to condemn particular property, are reviewable before compensation is found and awarded. [Cases cited.] The foundation of this policy is not in merely technical conceptions of 'finality.' *Page 138 
It is one against piecemeal litigation. 'The case is not to be sent up in fragments. * * *.' Luxton v. North River Bridge Co.,147 U.S. 337, 341, 13 S.Ct. 356, 358, 37 L. ed. 194. Reasons other than conservation of judicial energy sustain the limitation. One is elimination of delays caused by interlocutory appeals."
We hold that the order appealed from is not appealable.
The instant case is being decided under rules of this court which for a number of years have permitted owners of lands which have been damaged or taken in the construction of a public project but omitted from the original proceeding to intervene while the proceeding is still pending. In State, by Peterson, v. Anderson, 220 Minn. 139, 19 N.W.2d 70, we have laid down the rule that in cases of this kind arising in the future, where lands damaged or taken in the construction of a public project are not included in the condemnation proceeding, the aggrieved owners of such omitted lands may compel condemnation of such lands by an action in mandamus brought against the highway commissioner or other state officer empowered to acquire by condemnation the land required for the project.
Appeal dismissed.
MR. JUSTICE PETERSON took no part in the consideration or decision of this case. *Page 139