STATE, BY HARRY H. PETERSON, ITS ATTORNEY GENERAL,
v. JOHN W. BENTLEY AND OTHERS.
FRANK NELSON AND OTHERS, RESPONDENTS.[1]

Nos. 34,351, 34,352, 34,353, 34,354, 34,355, 34,356, 34,357, 34,358.

June 27, 1947.

*J. A. A. Burnquist,* Attorney General, and *Victor J. Michaelson,*
Special Assistant Attorney General, for the State.

[1]Reported in 28 N. W. (2d) 179.

*Victor E. Anderson, Carl J. Eastvold,* and *Earl V. Cliff,* for respondents.

MATSON, JUSTICE.

In 1935, the state commenced condemnation proceedings to acquire by the power of eminent domain certain lands in Big Stone and Lac qui Parle counties for the purpose of creating and perpetually maintaining a reservoir for the storage and maintenance of an adequate supply of water in Big Stone Lake and for the regulation and control of floods. By April 1937, the state had acquired title to the lands involved in its original proceedings, and the building of dikes, dams, and control works had been finished. No final certificate of completion of the aforesaid proceedings has ever been filed. Respondents are landowners, who at various times from August 1942 to February 1946 filed their respective petitions in intervention, alleging that their lands, although not included in or acquired under the original condemnation proceedings, had in fact been damaged and taken as a result of the construction and operation of the project, for which taking each by his petition demanded compensation. Respondents moved the court for orders permitting them to intervene pursuant to such petitions,[2] and the state interposed an answer in each case. Upon the issues thus joined, the matter was duly tried, and the trial court made its orders (1) allowing petitioners to intervene; (2) determining that various lands owned by respondents had been taken; and (3) appointing commissioners to determine the damages sustained. The state then moved to amend the orders granting respondents the right to intervene or in the alternative for a new trial. The motions were denied in their entirety, and from the orders of denial we have these appeals.

■ We held in In re Condemnation of Lands Owned by Luhrs, 220 Minn. 129, 135-138, 19 N. W. (2d) 77, 80-82, that an order granting a motion to intervene in condemnation proceedings, determining

[2]See, State, by Peterson, v. Anderson, 220 Minn. 139, 19 N. W. (2d) 70, as to necessity for resorting to an action in mandamus in lieu of proceeding by a motion to intervene.

that property has been taken, and appointing commissioners to ascertain damages is not appealable. This rule, which in its operation prevents piecemeal litigation, is of long standing. See, Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co. 81 Minn. 62, 83 N. W. 497; State, by Burnquist, v. Fuchs, 212 Minn. 452, 4 N. W. (2d) 361. The reasons for its existence and the authorities for its support are fully set forth in In re Condemnation of Lands Owned by Luhrs, *supra,* and will not be reviewed here.

■ Here, however, appeal is not directly from the order allowing intervention and appointing commissioners, but from an order in each case denying a motion to amend such order or for a new trial. In appealing from the order denying such motion, which, had it been granted, would have led to a finding that there was no taking and would have denied the appointment of commissioners, the question is essentially the same as if an appeal had been taken from the court's original order, namely, whether the court should have found a taking and whether commissioners should have been appointed. In either case, we have an approach to the same door. Orders which are not appealable directly may not be appealed by indirection. The merits of a nonappealable order cannot be reviewed in this court by means of an appeal from an order denying a motion for amendment thereof or a new trial. See, Brown v. Minnesota Thresher Mfg. Co. 44 Minn. 322, 46 N. W. 560; Lockwood v. Bock, 46 Minn. 73, 48 N. W. 458.

■ Our jurisdiction is only appellate, and we cannot overlook the fact that an order is nonappealable. Bulau v. Bulau, 208 Minn. 529, 294 N. W. 845. It is also well established that such appellate jurisdiction may not be enlarged or conferred by the consent or stipulation of the litigants. Anderson v. Krueger, 170 Minn. 225, 212 N. W. 198; Simon v. Larson, 207 Minn. 605, 292 N. W. 270; 1 Dunnell, Dig. & Supp. § 286.

Appeals dismissed.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS.

On August 8, 1947, the following opinion was filed:

PER CURIAM.

Appellant, state of Minnesota, appeals from the clerk's taxation of costs.

Clearly, in the above condemnation proceedings the state was acting in its sovereign capacity. When the state acts in its sovereign capacity, costs and disbursements cannot be taxed against it except as otherwise provided by law. State ex rel. Smiley v. Holm, 186 Minn. 331, 243 N. W. 133. It is also to be noted that M. S. A. § 607.01, providing for the allowance of costs to the prevailing party upon appeal, does not apply to the state. M. S. A. § 645.27 provides:

"The state is not bound by the passage of a law unless named therein, or unless the words of the act are so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature."

The language employed in § 607.01 does not indicate an intent that it should be applicable to the state.

M. S. A. § 117.20 (2), providing for the allowance of costs and disbursements to the prevailing party in the event of an appeal from an award of damages or from an omission to award damages is not applicable here, in that the instant case does not involve an appeal from an award or failure to award damages.

The clerk's taxation of costs and disbursements must therefore be set aside in its entirety.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.