STATE, BY HARRY H. PETERSON, ATTORNEY GENERAL,
BY J. A. A. BURNQUIST, SUCCESSOR IN OFFICE,
v. JOHN ANDERSON AND OTHERS.
LENA HACKER, PETITIONER IN INTERVENTION.[1]

April 10, 1953.

No. 35,548.

*J. A. A. Burnquist,* Attorney General, and *Victor J. Michaelson,* Special Assistant Attorney General, for the State.

*L. J. Lauerman, E. V. Cliff,* and *Eastvold & Pflueger,* for respondents.

---

[1]Reported in 58 N. W. (2d) 257.

MATSON, JUSTICE.

Appeal from an order denying a motion to vacate a judgment mandamusing the state to condemn certain lands.[2]

In 1935 the state commenced condemnation proceedings to acquire by the power of eminent domain certain lands in Chippewa county for the purpose of creating and perpetually maintaining a reservoir for the storage and maintenance of an adequate supply of water in Lac qui Parle Lake and for the purpose of the regulation and control of floods. By the spring of 1937 the state had acquired title to the lands involved in its original proceedings and the building of dikes, dams, and control works had been finished. The final certificate of the completion of the original proceedings was approved by the trial court subject, however, to the rights of the parties in any suit pending prior to the date of approval.

The case involved in this appeal bears the same title as the original proceedings but designates Charles Hacker's administratrix, his wife, as the petitioner in intervention. The petitioner's husband was a landowner who on November 7, 1942, filed a petition in intervention alleging that his lands, although not included in or acquired under the original condemnation proceedings, had been damaged through flooding and in fact taken as a result of the construction and operation of the project. Compensation for such taking was demanded in the petition. Petitioner then moved the court for an order permitting him to intervene. The state interposed an answer. Upon the issues thus joined, the lower court on June 23, 1950, made a judgment which (1) stated that certain lands owned by petitioner had been taken and (2) ordered and directed the state to condemn the lands so taken under its powers of eminent domain. Subsequently the state made a motion to have the above judgment vacated and the findings of fact and conclusions of law amended or, in the alternative, for a new trial. The motion was based on various grounds among which are: (1) That the trial court did not have jurisdiction, upon a petition to inter-

[2]Upon petitions for reargument this opinion has been substituted for a prior opinion which has been withdrawn in its entirety.

vene in a state's condemnation proceeding, to convert the same into a mandamus proceeding and (2) on the further ground of newly discovered evidence. The trial court made an order denying the motion in its entirety, and from the order of denial we have this appeal.

■ If a judgment is not appealable directly because it lacks finality (M. S. A. 605.09[1]), it may not be appealed by indirection through taking an appeal from an order denying a motion for its vacation.[3] We are therefore fundamentally concerned with the appealability of a judgment which in effect mandamuses the state—as a remedy ancillary to a condemnation proceeding—to condemn certain lands omitted in the original proceeding. Mandamus is a statutory proceeding and any judgment therein, pursuant to § 586.09, is appealable *as in civil actions.* Under § 605.09(1), only *final* judgments are appealable. A judgment mandamusing the state—as a remedy for the condemnation of lands omitted in an original condemnation proceeding—involves a final adjudication upon the issue of whether the land has actually been taken, and as such it is appealable.

■ Although the judgment herein is appealable, it must be vacated because the trial court was without jurisdiction to enter a judgment in mandamus upon a petition for intervention. The proper procedure for the conduct of mandamus proceedings is governed entirely by our statutes (§§ 586.01 to 586.12), which must be followed in order to effect a valid issuance of a writ of mandamus. Aside from the trial court's lack of power to base mandamus proceedings upon a petition for intervention, we have the further fact that this court in a prohibition proceeding had in effect already held that the proper remedy in the instant case was by intervention. While petitioner's motion to intervene was pending, this court handed down the decision of State, by Peterson, v. Anderson, 220 Minn. 139, 19 N. W. (2d) 70, and in the light of that decision the state took the position that petitioner's exclusive remedy was by

---

[3] See, State, by Peterson, v. Bentley, 224 Minn. 244, 28 N. W. (2d) 179, 770; 1 Dunnell, Dig. (3 ed.) § 304.

mandamus. In the Anderson case we held that in adopting mandamus as a proper remedy to be followed by an omitted property owner, the change in procedure should not affect pending *actions* in which the *courts* have already *permitted* owners of omitted property to intervene by motion. In a companion decision filed the same day, namely, In re Condemnation of Lands Owned by Luhrs, 220 Minn. 129, 19 N. W. (2d) 77, we referred to the Anderson case and said that in similar cases of this kind *arising in the future* the aggrieved owner of such omitted lands may compel condemnation by mandamus. Because when these decisions were handed down the trial court had not yet issued an order permitting petitioner to intervene, the state secured the issuance of a writ of prohibition returnable before this court restraining the trial court from taking further action on the petition in intervention. Upon the hearing to determine whether the writ should be made permanent, petitioner argued that the rule of the Anderson case had no application and that the writ should be discharged because the state had already interposed its answer and further because under the Luhrs case it was obvious that the new mandamus procedure applied only to cases *arising in the future.* On March 13, 1947, this court issued its order[4] discharging the writ of prohibition, and in so doing, this court in effect determined that the petitioner's proper remedy in the instant case was by intervention. It follows that under the circumstances the Anderson and Luhrs decisions, *supra,* provided no justification for resorting to mandamus.

In view of the fact that the judgment must be vacated for the reasons already stated, it is unnecessary to consider the ground of newly discovered evidence.

The order of the trial court is reversed with directions to vacate the judgment in mandamus and thereafter to proceed with the action for the condemnation of the omitted lands herein by adhering to and completing the intervention proceedings which were pending when the judgment in mandamus was erroneously entered.[5]

[4]Supreme Court File No. 34427.

[5]In the event any further appeal is contemplated, the attention of counsel is directed to State, by Peterson, v. Bentley, 224 Minn. 244, 28 N. W. (2d) 179, 770.

Reversed with directions.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.