STATE, BY HARRY H. PETERSON, ATTORNEY GENERAL,
BY J. A. A. BURNQUIST, SUCCESSOR IN OFFICE, v.
JOHN ANDERSON AND OTHERS.
LENA HACKER, PETITIONER IN INTERVENTION.[1]

April 1, 1955.

No. 36,396.

*Miles Lord,* Attorney General, and *Victor J. Michaelson,* Special Assistant Attorney General, for the State.

*L. J. Lauerman, E. V. Cliff,* and *Carl J. Eastvold,* for respondents.

PER CURIAM.

This is a motion to dismiss an appeal from an order which respondents contend is not appealable. Pursuant to the mandate of this court in State, by Peterson, v. Anderson, 239 Minn. 144, 58 N. W. (2d) 257, the trial court vacated the judgment in mandamus entered by the predecessor judge since retired.

The former appeal was from an order denying the state's motion to vacate the judgment or for a new trial. Therein, we determined that the trial court lacked jurisdiction to order judgment in mandamus in the present proceedings in intervention. We did not consider or pass upon the merits of the order appealed from insofar as it denied the state's motion for a new trial on the ground of newly discovered evidence. Our decision provided (239 Minn. 147, 58 N. W. [2d] 260):

"The order of the trial court is reversed with directions to vacate the judgment in mandamus and thereafter to proceed with the action for the condemnation of the omitted lands herein by adhering to and completing the intervention proceedings which were pending when the judgment in mandamus was erroneously entered."

[1] Reported in 69 N. W. (2d) 688.

Pursuant to the directions therein, the trial court, after vacating the judgment in mandamus as indicated above, proceeded to complete the pending proceedings. It made findings, identical to those of the predecessor judge, to the effect that a flowage easement had been imposed on certain lands of Charles Hacker, deceased, because of the state's maintenance of its dam at a level of 942. It reserved jurisdiction to appoint commissioners for the purpose of determining damages, if any, resulting to such lands by virtue thereof. It directed that the administratrix of the estate of Charles Hacker be made a party to the original proceedings and that the lands as described be included therein. By the same order, it denied the state's motion to set aside the findings, conclusions, and order for judgment previously made and to reopen the case for the purpose of receiving newly discovered evidence which would require new findings and conclusions. This appeal is from the whole of the order.

In a memorandum attached to this order, the trial court stated:

"* * * Judge Baker has once determined that there has been a taking by the State of Minnesota to a specified level. That determination still stands, because the Supreme Court did not pass upon the correctness thereof in State vs. Anderson, 239 Minn. 144, 58 N. W. (2d) 257. The Supreme Court merely required vacation of the judgment. Judge Baker also has once determined the motion of the State for amended findings or a new trial. That determination still stands because it was not passed upon by the Supreme Court.

"This court, not having heard the original proceedings, has no right to make new or amended findings upon the record of the proceedings had before Judge Baker. Bahnsen vs. Gilbert, 55 Minn. 334, 56 N. W. 117 [1117]; School District No. 1, Itasca County vs. Aiten, 175 Minn. 346, 221 N. W. 424. * * *

"Ordinarily the only thing this court could do would be to order a new trial. But this is no ordinary situation. Judge Baker has already denied the motion for a new trial, and that still stands. The State is asking this court to now re-open the matter on the very same ground that it asked Judge Baker to grant a new trial. The request of the State to this court is in effect a request for a new trial. If this court were to order a new trial or re-open the matter for taking of additional testimony, it would in effect be acting as an appellate court. All district judges have equal power and authority, but no one district judge has power or authority greater than the other district judges.

"By denying the motion of the State, this court is in no way indicating that its views agree or disagree with those of Judge Baker. The denial of the motion is predicated solely upon the ground that the court is of the opinion that it has no power to do otherwise. If Judge Baker had not acted

on the motion for amended findings or a new trial before his retirement, this court could entertain the motion so far as it requested a new trial. That would have been unfinished business. See 54 A. L. R. 959. Judge Baker having acted upon the motion, it is no longer unfinished business."

The state urges that the order described is final and appealable since it fixes all rights of the parties save the amount of the damage. It sets forth in its brief that:

"* * * If this Court affirms the order of the court below, it will result in an adjudication that all of the lands lying between the Hacker farm and the Lac qui Parle Dam have been taken by the state up to an elevation of 942. It will then be claimed that the decision of this Court in affirming the court below constitutes the law of the case and is controlling and binding upon all like questions affecting lands which are similarly situated geographically."

The state further argues that the order appealed from is not an order granting intervention nor appointing commissioners only but is a finding of taking of perpetual flowage easements of the land involved. It directs attention to the fact that neither the present trial court nor the supreme court has passed upon the merits of either the motion to vacate the original findings, the merits of such findings, or the judgment entered pursuant thereto. It further contends that the only appeals provided for under M. S. A. 117.13 or 117.20(2) are confined to the question of damages and hence do not permit a review of the validity of the order insofar as it relates to a finding of the taking of a perpetual flowage easement, citing Oronoco School Dist. v. Town of Oronoco, 170 Minn. 49, 212 N. W. 8, and Board of Water Commrs. v. Roselawn Cemetery, 138 Minn. 458, 165 N. W. 279, in support thereof; and therefore that the order here should be subject to review under § 605.09(7) as a final order similar to that involved in State, by Hilton, v. Voll, 155 Minn. 72, 192 N. W. 188, and State ex rel. Smith v. Van Reed, 125 Minn. 194, 145 N. W. 967.

■ The state's arguments would be sound if it should be determined that a finding relative to the taking of a flowage easement is not reviewable upon an appeal from the judgment provided for by § 117.15, relating to eminent domain proceedings. As stated in State, by Peterson, v. Anderson, 220 Minn. 139, 146, 19 N. W. (2d) 70, 73:

"* * * we cannot deprive the state of its right to be heard on its contention that there was no taking or damaging of the lands of such intervening property owners. The requirements of due process forbid it."

■ However, this question appears definitely settled contrary to the state's contention by our decision in State, by Burnquist, v. Fuchs, 212 Minn. 452, 453, 4 N. W. (2d) 361, where we stated:

"Mason St. 1927, § 6553 [M. S. A. 117.17], provides for the entry of a final judgment in condemnation proceedings. The final judgment may be dispensed with * * * where * * * the final certificate therein provided for is approved by the court and filed. The final certificate is in the nature of a final judgment. * * *

\* \* \* \* \*

"* * * The law is well settled that an order appointing commissioners in eminent domain proceedings is not a final one and is not appealable. In Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co. 81 Minn. 62, 63, 83 N. W. 497, where we overruled the case cited by appellants, we said:

" 'The order appointing commissioners is not a final order, any more than an order denying a motion to vacate the former. If, as suggested by counsel for appellants, no final judgment is contemplated or authorized by the statutes in proceedings of this kind, clearly the order appointing commissioners would be final, and certainly appealable. But, as in the Fletcher case [Fletcher v. C. St. P. M. & O. Ry. Co. 67 Minn. 339, 69 N. W. 1085], we hold that the statutes authorize and provide for a final judgment; and the order appointing commissioners, and all questions incident thereto, including the right of the receiver to institute and prosecute the proceedings, and the questions as to the propriety and necessity of the proposed improvement, may be reviewed on an appeal therefrom. All intermediate orders made in such proceedings may be reviewed on the appeal from the final judgment.' "

■ In reliance upon these authorities in State, by Peterson, v. Bentley, 224 Minn. 244, 28 N. W. (2d) 179, 770, we determined that an order allowing petitioners to intervene, wherein it was determined that various lands had been taken and wherein commissioners were appointed to fix the damages, was nonappealable. There we stated (224 Minn. 245, 28 N. W. [2d] 180) :

"We held in In re Condemnation of Lands Owned by Luhrs, 220 Minn. 129, 135-138, 19 N. W. (2d) 77, 80-82, that an order granting a motion to intervene in condemnation proceedings, determining that property has been taken, and appointing commissioners to ascertain damages is not appealable. This rule, which in its operation prevents piecemeal litigation, is of long standing. See, Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co. 81 Minn. 62, 83 N. W. 497."

In State, by Peterson, v. Anderson, 239 Minn. 144, 58 N. W. (2d) 257, a footnote directed attention to the rule in State, by Peterson, v. Bentley, *supra,* in the event of an appeal from an order such as the present one. We intended thereby to indicate that, if an appeal such as the present one should be taken, the rule should be given effect. These decisions leave no recourse but to grant the present motion for dismissal.

The state argues that the certificate provided for under § 117.20 (4) may not be issued until payment of the award made in relation thereto; that in consequence, an appeal therefrom would be futile. It is true that under this section, before such a certificate could be issued, the state would be required to pay up the damages provided for by the award, and in such event an appeal could be taken from the certificate in lieu of an appeal from a final judgment. State, by Burnquist, v. Fuchs, *supra.* However, by refusing payment of the award, the landowner would be compelled to enter judgment for the amount thereof as provided under § 117.15, from which the state might then take its appeal. In such an appeal, under our decision in State, by Burnquist, v. Fuchs, *supra,* and Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co. 81 Minn. 62, 83 N. W. 497, all questions here in issue could be reviewed.

The appeal is dismissed.