VILLAGE OF ROSEVILLE v. SUNSET MEMORIAL
PARK ASSOCIATION, INC.

113 N. W. (2d) 857.

March 2, 1962—No. 38,661.

*Silver, Goff, Ryan, Cochrane & Aaron,* for appellant.
*Robert C. Bell* and *Willard L. Converse,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

This case arises on a motion to dismiss the appeal of Sunset Memorial Park Association, Inc., on the ground that said appeal is from a nonappealable order of the district court.

In April 1961, the village of Roseville petitioned for condemnation of a strip of land owned by the appellant cemetery to be used for the purpose of building a state-aid road. On June 14, 1961, the district court made findings denying the petition on the ground that the property proposed to be taken was already devoted to a public use.

Just prior to the above findings Ex. Sess. L. 1961, c. 86, was enacted authorizing the village to acquire for road purposes the strip of land in question. Based upon this statute the village moved for amended findings awarding the relief prayed for in its petition for condemnation. The district court, on December 4, 1961, entered amended findings granting the petition for condemnation, and it is from this order that the appeal to this court was taken.

The district court pursuant to a request by appellant entered an order on December 21, 1961, certifying as important and doubtful the issue of the constitutionality of Ex. Sess. L. 1961, c. 86. The court also certified as important and doubtful, at the request of the village, the issue of the propriety of the taking of the land in question irrespective of the aforesaid statute.

The question now before this court is whether the order appealed from is one from which an appeal can be taken.

■ It is generally settled that appeals cannot be taken from any order or proceeding in the trial court which is not final. The purpose of this rule is not only to conserve judicial energy but also to eliminate delays caused by interlocutory appeals. In re Condemnation of Lands

Owned by Luhrs, 220 Minn. 129, 19 N. W. (2d) 77. Thus, in Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co. 81 Minn. 62, 83 N. W. 497, the court held that an order appointing commissioners in a condemnation proceeding could be reviewed only on appeal from a final judgment. See, also, State, by Burnquist, v. Fuchs, 212 Minn. 452, 4 N. W. (2d) 361.

As stated in In re Estate of Hall, 155 Minn. 46, 49, 192 N. W. 342, 343, "no appeal lies from the action of a court which requires a subsequent order or judgment to give it effect. The appeal should be taken from the order or judgment which gives effect to the conclusion reached by the court, not from what is, in effect, its findings of fact or conclusions of law."

The fact that both parties involved in this litigation may want a speedy determination of their rights cannot operate to confer jurisdiction upon this court. Such jurisdiction "may not be enlarged or conferred by consent or stipulation of the litigants." State, by Peterson, v. Bentley, 224 Minn. 244, 28 N. W. (2d) 179, 180, 770.

Under Minn. St. 605.09(1), an appeal may be taken from a final judgment and at that time this court may review any intermediate order involving the merits of the case.

■ However, under § 605.09(4), certain interlocutory orders may be appealed when the trial court "certifies that the question presented * * * is important and doubtful and makes such certification a part of the order, * * *." Though the statute speaks in terms of orders sustaining or overruling a demurrer, this has been construed to encompass, under modern practice, orders granting or denying motions for summary judgment, for judgment on the pleadings, or for dismissal for failure to state facts upon which relief could be granted.[1] This is because these motions have the same function as did the demurrer under our former practice.

However, the present case does not come within § 605.09(4) for

[1]House v. Hanson, 245 Minn. 466, 72 N. W. (2d) 874; In re Estate and Guardianships of Williams, 254 Minn. 272, 95 N. W. (2d) 91; Stevens v. Lycan & Co. 259 Minn. 106, 105 N. W. (2d) 889; Shumway v. Nelson, 259 Minn. 319, 107 N. W. (2d) 531.

two reasons. First, the ruling of the trial judge from which the appeal is taken was not made in response to any motion whatsoever made by appellant. The trial court was of the opinion that the issues could be presented as important and doubtful for the reason that "though not technically asserted as such, respondent [appellant here] has taken the position of requesting the Court to rule as it would in the case of a motion for summary judgment. In other words, respondent is in the position of having challenged the constitutionality of the newly enacted legislation." We cannot agree that the statute can be construed so as to allow interlocutory appeals in cases where no motions similar to a demurrer have ever been made. If such appeals are to be permitted, it is for the legislature and not the courts to provide for them.

Secondly, the statute requires that the certification by the trial court be made a part of the court's order. In the cases which have heretofore arisen under this statute, cited in footnote 1, *supra,* this provision was followed. In the present case it was not.

For these reasons the appeal must be dismissed as premature. Appeal dismissed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.