TOWN OF LEBANON, DAKOTA COUNTY, v. LAND HOLDING COMPANY AND OTHERS.
NORTHWESTERN GRAVEL COMPANY
AND ANOTHER, APPELLANTS.

143 N. W. (2d) 60.

May 27, 1966—No. 40,066.

*Lawrence L. Lenertz,* for appellants.

*McMenomy, Hertogs & Fluegel* and *Edward B. McMenomy,* for respondent town.

*Brill & Brill* and *J. E. Brill, Sr.,* for respondents Land Holding Company and Orrin E. Thompson Construction Corporation.

PER CURIAM.

Northwestern Gravel Company and Ray W. Skelton Company, Inc., appeal from an order of the district court granting the petition of the town of Lebanon, a municipal corporation, to condemn lands for the purpose of an extension to its street system.

The order followed trial of issues raised by appellants' answer to the petition alleging that the taking was unnecessary and solely for a private purpose. The court determined that the taking was both necessary and for a public purpose and thereupon issued its interlocutory order granting the petition and appointing commissioners to appraise the damages sustained by owners of the lands taken.

We have repeatedly and consistently held that the order sought to be reviewed is not appealable of right for the reason that it is not a final order but merely an interlocutory order in a proceeding contemplating entry of a final judgment, from which an appeal may be taken and the order then reviewed. In re Condemnation of Lands Owned by Luhrs, 220 Minn. 129, 19 N. W. (2d) 77; State, by Burnquist, v. Fuchs, 212 Minn. 452, 4 N. W. (2d) 361; Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co. 81 Minn. 62, 83 N. W. 497.

We cannot deviate from these long-standing decisions without disrupting settled procedures governing appeals of right, and accordingly the appeal must be dismissed.[1]

Appeal dismissed.

---

[1] It may be noted that we have infrequently, upon a proper showing, exercised our discretionary authority to review similar orders by certiorari. Housing & Redevelopment Authority v. Minneapolis Metropolitan Co. 259 Minn. 1, 104 N. W. (2d) 864; State ex rel. Ford Motor Co. v. District Court, 133 Minn. 221, 158 N. W. 240. Had appellants requested such review and had the request been granted, the order would have been upheld upon this record because it clearly appears (1) that the petitioner is vested with the power of eminent domain to condemn land for public use (Minn. St. 365.02); (2) that the question of the necessity for taking is not subject to judicial review (School Dist. No. 40 v. Bolstad, 121 Minn. 376, 141

---

N. W. 801); and (3) that the power to take the property was exercised in the manner authorized by statute and was neither fraudulent, arbitrary, nor capricious, and the evidence abundantly supports the court's finding that the taking serves a public purpose. Housing & Redevelopment Authority v. Minneapolis Metropolitan Co. *supra.*