STATE, BY WALTER F. MONDALE, ATTORNEY GENERAL, v.
WREN, INC., AND OTHERS.
IMPERIAL REFINERIES OF MINNESOTA, INC., APPELLANT.

146 N. W. (2d) 547.

November 4, 1966—No. 40,175.

*Marshall S. Snyder,* for appellant.

*Robert W. Mattson,* Attorney General, *Perry Voldness,* Deputy Attorney General, and *Frederick W. Lambrecht,* Special Assistant Attorney General, for respondent.

ROGOSHESKE, JUSTICE.

Appeal from a judgment in a state highway condemnation proceeding.

Appellant, Imperial Refineries, is the owner of an unimproved, triangular, 3.20-acre tract of land adjoining Trunk Highway No. 13. The tract has approximately 1,026 feet of frontage upon the highway. On July 9, 1964, the attorney general, upon the request of the commissioner of highways, filed a condemnation petition for the purpose of widening and improving the highway. Included in the petition was the commissioner's determination that it was necessary to acquire an easement over

1.11 acres of appellant's land for the purpose of constructing a frontage road along part of the tract and to acquire the right of access for the remainder of the property adjoining the highway. Appellant answered, alleging that title to the property was registered in its name under a Torrens proceeding in 1949 wherein the state was a defaulting party-defendant and that therefore the state has no "right by eminent domain or otherwise" to acquire the right of access or any rights in the property.

At a hearing before the district court appellant offered proof of its registered title and objected to the taking. Thereafter, on September 8, 1964, on the basis of a finding that the taking was necessary and authorized by statute, the court granted the petition and appointed commissioners to assess and award damages. The order limited the estate acquired by the state to an easement for highway purposes over the 1.11 acres described in the petition and to the right of access to the highway from all of appellant's tract not acquired in the proceeding.

On December 15, 1964, before the commissioners filed their report, appellant moved the court "for an order vacating the original order made herein to the extent that" a proposed amended answer might be filed. This motion, which the court granted January 16, 1965, permitted appellant to file, and the state to reply to, an amended answer. The amended answer reasserted the defense of title registration and contained new allegations that, because of the effect of a denial of access upon appellant's proposed use of the land as a retail gasoline station, the taking of access was unnecessary, "arbitrary, discriminatory and capricious." Despite this, the order allowing the amended answer to stand did not by its terms vacate the appointment of the commissioners or nullify the order granting the state's petition to acquire the easement and right of access.

On December 16, 1964, the commissioners filed their report, which contained the following with respect to appellant's tract:

"We, the undersigned commissioners, under the authority vested in us under Chapter 117.08, reserve to the owner access to Trunk Highway 13 from the owner's adjoining property * * *. If such right is granted by the state of Minnesota, Department of Highways, the award shall be $13,941.00. If the right specified is withheld or denied by the state of

Minnesota and the remaining lands have no direct access to Trunk Highway 13, the award shall be $19,371.00."

Upon receipt of the notice of the award, appellant notified the state that it accepted the alternative award of $13,941. On January 8, 1965, without having made its election as contemplated by the alternative award, the state appealed to the district court on the ground that the award of $19,371 was excessive and that the commissioners had no authority to make an alternative award. Appellant also appealed, asserting among other grounds that the award of $19,371 was inadequate and that appellant has the right to have the issue of the necessity and propriety of acquiring access determined by a jury.

When the appeals came on to be heard by the district court and a jury, the state moved to annul the award based on appellant's retention of the right of access and to limit proof to that bearing on the damages occasioned by the taking including the right of access, as authorized by the intermediate order granting the petition and appointing commissioners. This motion was granted. Appellant's requests to submit to the jury the issues of whether access should be allowed or denied and the question of whether the taking was arbitrary and capricious were denied. Appellant then indicated its intention to seek review of these rulings by this court. Thereupon the parties entered into a stipulation fixing the damages for the taking of the easement and access at $19,300 unless the rulings of the trial court were reversed upon the owner's contemplated appeal.

Following denial of appellant's subsequent motions for a new trial or vacation of the orders made by the court on the foregoing motions, judgment was entered and this appeal followed.

It is evident from the foregoing that appellant misconceives the proper time to challenge the power to take lands for public use in a condemnation proceeding and the effect of the intermediate order granting the petition to condemn. Minn. St. 117.07 clearly provides for a judicial hearing on the question of whether "the proposed taking shall appear to be necessary and such as is authorized by law" at the time the condemnor's petition is presented to the court. This section further provides that the court

at this time "shall hear all competent evidence offered for or against the granting of the petition." If the court then finds the taking to be authorized, § 117.07 requires the granting of the petition and the appointment of three commissioners to ascertain and assess damages. The damages awarded must be based upon the nature and extent of the rights acquired by the condemnor as specified in the order. Although this intermediate order is not immediately appealable, a right of review exists upon an appeal from the final judgment.[1] Following the report of the commissioners-appraisers, the landowner, by § 117.20, subd. 4, is given the right to appeal "from any award of damages embraced in the report." Since this statutory appeal is from the commissioners' award based upon the intermediate order appointing them, the statute limits the issue upon appeal solely to the question of just compensation. The relation of this appeal to the prior hearing on the petition is well stated in State, by Lord, v. Pearson, 260 Minn. 477, 489, 110 N. W. (2d) 206, 215:

"The proceedings prior to the award of the commissioners, including the petition and evidence thereon, are not before the court for review. The jurisdiction of the district court is appellate and the whole scope of that appeal is to secure a full trial de novo before a jury on the question of damages, involving basically the same matters submitted to and passed upon by the commissioners in the first instance. In the end, the sole issue before a district court and jury is the amount of damages to be awarded."

In this case, at the hearing on the petition the court, over appellant's sole objection that the state was precluded from acquiring access to its property because of a prior title registration proceeding, approved the taking and established the scope of the rights acquired. No appeal from this intermediate order has been included in this appeal from the judgment. Moreover, this order was unaffected by either the court's subsequent order granting leave to file an amended answer or by the owner's appeal from the commissioners' award. Without a vacation of this intermediate order, neither the filing of the amended answer nor a re-

---

[1] State, by Burnquist, v. Fuchs, 212 Minn. 452, 4 N. W. (2d) 361.

assertion of the objections to the taking upon an appeal from the commissioners' award could operate to revive objections which were required to be asserted in the hearing on the petition, the only time provided for contesting the validity of the taking. Thus, the trial court was correct in limiting the issue upon appeal from the commissioners' award to the amount of damages sustained by the taking of the rights specified in the intermediate order.[2]

Nor can we accept the appellant's contention that the court-appointed commissioners or the jury have authority to determine whether the right of access should be granted or withheld. We do not interpret the commissioners' alternative award as superseding the intermediate order, which necessarily governs the rights acquired by the state. The award neither grants appellant the right of access nor compels the state to do so. By its terms it permits the state to elect whether to afford the owner access and pay less damages or to insist upon acquiring the interest authorized and pay the increased damages resulting. Viewed in this way, the award is wholly consistent with the state's sovereign right, exercised by the legislature through its agent, the commissioner of highways, to determine what is necessarily required for the widening and improving of Trunk Highway No. 13.[3] Although the state argues that an alternative award expressly authorized by § 117.08 does not apply to a state-instituted condemnation proceeding, we need not pass upon that question because the award made did not conflict with the rights claimed by the state. It is sufficient to note that the state finally did exercise the election contemplated by the alternative award by its motion upon appeal from the commissioners' award to limit evidence to the damages

---

[2] Had appellant's objections been properly asserted, they appear to be without merit. Minn. St. 508.02 expressly provides that the registration of title "shall not operate to change * * * the right to take the land by eminent domain." Further, the scope of judicial inquiry at the hearing on the petition to condemn has been severely restricted by our prior decisions. State, by Hilton, v. Voll, 155 Minn. 72, 192 N. W. 188; Burnquist v. Cook, 220 Minn. 48, 19 N. W. (2d) 394; State ex rel. Ford Motor Co. v. District Court, 133 Minn. 221, 158 N. W. 240.

[3] State, by Hilton, v. Voll, *supra;* Burnquist v. Cook, *supra.*

resulting from the taking authorized by the court. It follows that the rulings of the trial court were proper.

Affirmed.