METROPOLITAN SEWER BOARD v. THOMAS N. THISS AND OTHERS.
MINNETONKA COUNTRY CLUB ASSOCIATION, INC., RESPONDENT.

200 N. W. 2d 396.

July 28, 1972—No. 43278.

*Dorsey, Marquart, Windhorst, West & Halladay, Edward J. Schwartzbauer, Kelly, Odell & Penberthy,* and *Gary Larson,* for appellant.

*Smith, Person & Doherty* and *John R. Person,* for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

KELLY, JUSTICE.

The Metropolitan Sewer Board (MSB) appeals from a judgment of the district court determining that MSB's exercise of eminent domain was not authorized by law. MSB initiated the proceedings by petitioning the district court to acquire temporary construction easements, permanent easements and a perpetual right-of-way through certain parcels of land to build a sewer system in the Lake Minnetonka area. A portion of the proposed sewer line would cross five fairways of the Minnetonka Country Club Association, Inc. The club persuaded the district court that the taking of its property was arbitrary and without public necessity. We reverse.

The proposed sewer system is vital in order to prevent additional pollution in the Lake Minnetonka area. The club does not dispute this, but instead contends that MSB must use an alternative route which would not require the taking of a permanent easement on private lands. The MSB route would cause inconvenience in the use of the golf course. Evidence was introduced which shows that MSB could install the disputed part of the system under the public street and thereby prevent the perma-

nent taking of club property. MSB demonstrated that the use of this alternate route was impractical. Construction on such a route would require the closing of all or parts of the road for periods of time to the inconvenience of the public. A gravity-type system along the alternate route would necessitate deep trenching at considerable expense and the removal of approximately 29 large shade trees. The trees could be saved only by the expensive procedure of supporting the construction trench. A forced main and lift station could be substituted for the deep trenching, but the initial cost would be greater than the cost of a gravity system along the MSB route. Furthermore, a forced main and lift station system is much less desirable than a gravity system because of clogging, power outages, and the cost of maintenance. All the alternative methods would cost more than the route proposed by MSB.

This court has always held that the propriety of the exercise of eminent domain is a legislative question.[1] The judicial issue is whether the condemning authority acted arbitrarily and in disregard of the best interests of the public, or upon an erroneous theory of the law, or whether the evidence is practically conclusive against the authority.[2] There need be no showing of absolute necessity, and the mere suggestion of possible alternatives does not, in itself, support a finding of arbitrariness.[3]

The facts in this case indicate that the route proposed by MSB is cheaper, less damaging to the environment, and more conducive to an efficient sewer system. After a review of the evidence, we are convinced that the district court's findings were mistaken.[4]

Reversed.

---

[1] City of Austin v. Wright, 262 Minn. 301, 114 N. W. 2d 584 (1962).

[2] Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077 (1918).

[3] State, by Head, v. Christopher, 284 Minn. 233, 170 N. W. 2d 95 (1969); Northern States Power Co. v. Oslund, 236 Minn. 135, 51 N. W. 2d 808, 52 N. W. 2d 717 (1952).

[4] See, State, by Head, v. Paulson, 290 Minn. 371, 188 N. W. 2d 424 (1971).

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.