**COUNTY OF BLUE EARTH,**
**Respondent,**

v.

**Jerome C. STAUFFENBERG, et al., Defendants,**

**Rudolph C. Borchert, et al., Appellants.**

**Rudolph C. BORCHERT, et al., Appellants,**

v.

**COUNTY OF BLUE EARTH,**
**Respondent,**

**E. T. Niehaus, Contractor, Defendant.**

**Nos. 47802 and 47858.**

Supreme Court of Minnesota.

March 31, 1978.

Tuveson & Goldman and Robert C. Tuveson, Albert Lea, O. C. Adamson II and J. Richard Bland, Minneapolis, for appellants.

John F. Corbey, County Atty., Mankato, for respondent.

Heard before ROGOSHESKE, TODD and YETKA, JJ., and considered and decided by the court en banc.

TODD, Justice.

The County of Blue Earth commenced condemnation proceedings for purposes of building a road across the property of Jerome and Viola Stauffenberg. The property is under contract for deed to Rudolph and Viola Borchert. The owners challenged the public necessity of the taking and unsuccessfully petitioned this court for discretionary review of the trial court's order finding public necessity. The owners' subsequent action to enjoin the construction of the road was denied by the district court.

Appeal is taken from both district court orders. We affirm.

The condemnation proceedings were initially heard in district court on May 24, 1976. On June 15, the trial judge ordered the matter set for rehearing, stating that the evidence produced was not sufficient for the court to determine the issue of public necessity. An additional hearing was held, over the objection of the owners, and the court entered its condemnation order finding public necessity and appointing commissioners. The owners' petition for discretionary review of this order was denied by our court. Thereafter, the county proceeded to award construction contracts for the proposed roadway. In March 1977, however, the owners filed an action to enjoin the construction of the road, alleging that the issue of public necessity had not been finally adjudicated. The injunction was denied and the owners bring this appeal.

The issues on appeal are:

(1) Have the owners appealed from a nonappealable order?

(2) Did the district court exceed its authority in ordering a second hearing on the county's condemnation petition?

(3) Did the district court correctly find that the proposed road construction and taking of private property was supported by public necessity?

■ 1. The primary contention of Blue Earth County is that the property owners have appealed from a nonappealable order. In actuality, two separate appeals were consolidated for these proceedings. The original notice of appeal was based on the district court's April 11, 1977, order which denied the Borcherts' request for a permanent injunction. An amended notice of appeal purported to expand the basis of the appeal to include the district court order of September 21, 1976, which approved the proposed condemnation and appointed commissioners.

We find that the owners' action to enjoin construction of the new road was little more than an attempt to collaterally attack matters which had already been settled in the condemnation proceedings. We note that in their brief appellants do not discuss the need for an injunction as a remedial device, but instead confine their arguments to the validity of the prior condemnation proceedings. At the time this appeal was taken, however, it was well settled that a district court's condemnation order was not a final order from which an appeal could be taken.[1] We cannot permit appellants to accomplish by procedural indirection that which was otherwise unavailable to them. Accordingly, we decline to consider the validity of the September 21, 1976, order in the context of a subsequent injunctive proceeding.

2. Appellants' amended notice of appeal, however, meets the appealability issue head on, attempting as it does to secure direct appellate review of the district court's condemnation order. As noted above, our prior decisions unambiguously hold that such orders are nonappealable.

Under existing law, a party may secure appellate review of the necessity issue in only two ways. First, at the end of any condemnation proceeding, when all damages have been settled and paid and the governmental authority has taken title to the lands in question, Minn.St. 117.205 requires that a final certificate describing the land taken be filed with the clerk of court and the county recorder. This certificate is treated as a final judgment and may be appealed from like any other judgment. The public necessity of the governmental taking may be considered on such an appeal. *State, by Mondale, v. Wren, Inc.,* 275 Minn. 259, 146 N.W.2d 547 (1966); *State, by Burnquist, Attorney General, v. Fuchs,* 212 Minn. 452, 4 N.W.2d 361 (1942). Although

---

1. See, *State, by Mondale, v. Wren, Inc.,* 275 Minn. 259, 146 N.W.2d 547 (1966); *Village of Roseville v. Sunset Memorial Park Assn.,* 262 Minn. 108, 113 N.W.2d 857 (1962); *State, by Peterson, v. Bentley,* 224 Minn. 244, 28 N.W.2d 179, 770 (1947); *State, by Burnquist, Attorney General, v. Fuchs,* 212 Minn. 452, 4 N.W.2d 361 (1942); *Duluth Transfer Ry. Co. v. Duluth Terminal Ry. Co.,* 81 Minn. 62, 83 N.W. 497 (1900).

the taking may be completed when the necessity issue is finally reviewed by this court, the governmental body which took the disputed property can be compelled to return it to its previous owner.

Second, a party convinced that a non-necessary taking is being foisted upon him can petition this court for discretionary review under Rule 105.01, Rules of Civil Appellate Procedure. See, *Port Authority of St. Paul v. Groppoli,* 295 Minn. 1, 202 N.W.2d 371 (1972), where the district court had granted a condemnation petition and the aggrieved party was granted discretionary review by this court. The district court's ruling was ultimately reversed.

In the present case, appellants did petition this court for discretionary review on October 21, 1976, exactly 1 month after the entry of the district court's order granting the county's condemnation petition and appointing the commissioners. Discretionary review was denied. Thus, of the two avenues of review normally available, appellants have exhausted one, and the other had not yet matured when the notices of this appeal were filed. Ordinarily, therefore, we would be constrained to dismiss this appeal as improperly taken.

■ However, we have taken this opportunity to reexamine our position concerning the appealability of orders granting condemnation petitions. We conclude that present day circumstances, coupled with enhanced concern over resource-related consequences of land usage, mandate a reversal of our previous holdings. Henceforth, in a condemnation proceeding where the issue of public necessity has been determined by the district court, an aggrieved party may appeal directly to this court from the district court order. The appeal may be taken in accordance with Rule 103.03, Rules of Civil Appellate Procedure. In this case, we will treat the September 21, 1976, order as appealable and consider the other issues raised by the parties.

■ 3. Under Minnesota law, a governmental authority desiring to condemn private lands for a public purpose must

petition a district court for approval and serve notice of its intentions on any affected property owners. Minn.St. 117.055. The notice must state the time and place of a hearing at which the district court will hear evidence and determine whether the proposed taking is necessary and authorized by law. Minn.St. 117.075 provides in part:

"Upon proof being filed of the service of such notice, the court, *at the time and place therein fixed or to which the hearing may be adjourned,* shall hear all competent evidence offered for or against the granting of the petition, * * *." (Italics supplied.)

Appellants argue that the district court's rehearing order in this case was not an adjournment within the meaning of § 117.075 and was therefore unauthorized. Were this an ordinary civil action, appellants' position might be of some merit. A civil plaintiff is normally entitled to only one opportunity to meet his burden of proof. Condemnation proceedings, however, involve a strong element of public interest. We believe that interest, and the interests of aggrieved property owners, are best served by allowing district courts broad discretion in these matters. We conclude that the action taken by the district court below was well within that discretion.

■ 4. Appellants contend that the evidence heard by the district court does not sustain its finding that the taking of their land was "necessary." As we said in *Northern States Power Co. v. Oslund,* 236 Minn. 135, 137, 51 N.W.2d 808, 809, 52 N.W.2d 717 (1952):

"* * * Although lands may not be taken by eminent domain unless such taking appears to be *necessary,* it is well settled in this jurisdiction that there need be no showing of absolute or indispensable necessity, but only that the proposed taking is *reasonably necessary or convenient* for the furtherance of the end in view."

Accord: *Metropolitan Sewer Bd. v. Thiss,* 294 Minn. 228, 200 N.W.2d 396 (1972); *Chicago G. W. Ry. Co. v. Jesse,* 249 Minn. 324, 82 N.W.2d 227 (1957); *In re Condemnation*

by *Dairyland Power Cooperative,* 248 Minn. 556, 82 N.W.2d 56 (1957).

We have carefully examined the record and hold that the findings of the district court are not clearly erroneous. Rule 52.01, Rules of Civil Procedure.

Affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.