**ALEXANDRIA LAKE AREA SERVICE REGION, Appellant,**

v.

**Chester D. JOHNSON et al., Defendants,**

**John L. Verlennich and Gloria M. Verlennich, Respondents,**

and

**ALEXANDRIA LAKE AREA SERVICE REGION, Appellant,**

v.

**George E. SERCL and Lenore K. Sercl, Respondents.**

Nos. 50131, 50132.

Supreme Court of Minnesota.

July 3, 1980.

Swenson, Grover, Lervick & Syverson, John Lervick and Morris A. Grover, Alexandria, for appellant.

Rufer, Hefte, Pemberton, Schulze, Sorlie & Sefkow and H. Morrison Kershner, Fergus Falls, for respondents.

Heard before TODD, YETKA, and SCOTT, JJ., and considered and decided by the court en banc.

TODD, Justice.

These consolidated appeals arise out of condemnation proceedings incident to the installation of a sewage line. The proposed installation was originally to be located on the road side of the landowners' property but, at the time of condemnation, the location of the line was changed to the lake side of the property. The landowners contended that the planning and construction of the sewer hookups on their properties were based on the originally proposed sewage line and that they would, therefore, incur additional expense in hooking up to the lake side line. At the initial hearing, the trial court appointed commissioners to assess damages and instructed them to include the additional hookup costs in their award. No appeal was taken from this order. The commissioners awarded damages for the taking of the easements and for the additional costs of hooking up to the new sewer line. The condemning authority appealed from this award to the trial court on the ground that the hookup cost was not a recoverable damage in an eminent domain proceeding. Neither party challenged the portion of the award which related to the taking of the easements. The trial court affirmed the award and dismissed the appeal. We reverse.

The issues presented in this this appeal are:

(1) Is the appeal timely as to the original order of the trial court instructing the com-

missioners to include connection costs in their awards?

(2) May additional costs of hooking up to a sewer line be included in a damage award for a taking?

1. Respondents contend that the appeal from the order of the trial court confirming the damage award is not timely as to the issue of what was to be included in that award since the prior order of the court appointing the commissioners and instructing them to include such damages was not appealed from.

The statutory scheme for eminent domain proceedings contemplates that the district court determine the necessity for the taking and then appoint commissioners to assess and award damages. Minn.Stat. § 117.075 (1978). The commissioners are required to award damages and file a report of the award with the district court. Minn.Stat. § 117.085 (1978). A party to the proceeding may then appeal to the district court from the commissioners' award. Minn.Stat. § 117.145 (1978).

Respondents argue that a direct appeal should have been taken to this court from the trial court's original order appointing commissioners and instructing them to include the hookup costs in their damage awards. Respondents cite the case of *County of Blue Earth v. Stauffenberg*, 264 N.W.2d 647 (Minn.1978), in support of this proposition. In *Stauffenberg*, we determined that a direct appeal could be taken to this court from a district court order granting a condemnation petition even though Rule 103.03, Rules of Civil Appellate Procedure, does not provide for such a direct appeal. However, the *Stauffenberg* case involved the appealability of the public necessity determination contained in the district court order and is, therefore, distinguishable from the issue involved herein. We decline to extend the rule of the *Stauffenberg* case to situations beyond those involving the issue of public necessity. The *Stauffenberg* holding was based on the rationale that the allowance of appeals from a district court order determining necessity would serve to preclude the waste of judi-

cial economy if the initial taking were to be invalidated. Here, the issue relates to damages and is within the scope of the authority of the trial court and this court in reviewing condemnation matters. *State, by Mondale, v. Wren Inc.*, 275 Minn. 259, 262, 146 N.W.2d 547, 550 (1966), quoting *State, by Lord, v. Pearson*, 260 Minn. 477, 489–490, 110 N.W.2d 206, 215 (1961). Thus, we conclude that the matter is properly before this court.

2. Under Minn.Const. art. 1, § 13, property owners are entitled to just compensation for property taken, destroyed, or damaged for public use. Minn.Stat. § 117.-085 (1978) requires that property owners be awarded damages which result from the taking. Thus, where only a part of a tract of land is taken, the landowner is entitled to damages for loss to the part remaining as well as to the part actually taken. *State, by Lord, v. Pahl*, 254 Minn. 349, 95 N.W.2d 85 (1959). In such a case, the measure of damages is ordinarily the difference between the market value of the entire tract before the taking and the market value of what is left after the taking. *Id.* However, in certain cases, damages have been awarded on the basis of the cost of restoring the remaining property to a condition that will make it available for use after the taking; i. e., reconstruction costs. *See In re Petition for Establishment of County Ditch No. 78*, 233 Minn. 274, 47 N.W.2d 106 (1951); *Bruns v. Town of Nicollet*, 186 Minn. 259, 243 N.W. 74 (1932); 27 Am. Jur.2d, *Eminent Domain*, § 314.

The trial court directed the commissioners in this case to include as an element of damage the additional cost of connecting the residences to the sewer line above and beyond the costs which would have been incurred if the sewer line had been placed on the road side of the properties rather than on the lake side. The condemning authority argues that connection costs do not constitute a damage to respondents' property for which compensation is due in an eminent domain proceeding.

Respondents argue that the decision of the condemnor to alter its previous sewer line plans to place the sewer line and take easements in the front of their property rather than on the road side has served to render its previously installed sewer connections on the road side useless. Respondents claim that they are, therefore, entitled to compensation for the reworking of their sewer connections which will be required to make those connections useful.

We hold that connection costs are not a proper item of damage in an eminent domain proceeding. Respondents argue that their sewage connections are rendered useless as a result of the taking. However, those connections were not being put to any use prior to the takings and did not serve to enhance the market value of the property. Therefore, there has been no reduction in the market value of respondents' properties except for that portion which was taken for the easement.[1]

The case of *In re Petition for Establishment of County Ditch No. 78*, 233 Minn. 274, 47 N.W.2d 106 (1951), is distinguishable. In that case, we held that Northern States Power Company (NSP) was entitled to the cost of relocating its pipeline when the establishment of a county ditch would interfere with that pipeline. The case involved a direct interference with NSP's pipeline which was already in use. Therefore, the pipeline had a previous market value which was damaged by the taking.

The matter is remanded to the trial court with instructions to enter judgment consistent with this opinion. Neither party is allowed costs or disbursements.

Reversed and remanded.

---

1. We do not pass on the question of whether respondents may have a valid claim against the municipal authority based on the relocation of the sewage line. Any possible claim which respondents may have is not properly a part of condemnation proceedings and is not before us.