**PARK AND RECREATION BOARD OF the CITY OF MINNEAPOLIS, in the name of and in behalf of the City of Minneapolis, Petitioner, Respondent,**

v.

**CARL BOLANDER & SONS PROPERTY, et al., Appellants,**

**State of Minnesota, et al., Lower Court Respondents.**

No. C9-89-25.

Court of Appeals of Minnesota.

Feb. 28, 1989.

Christopher J. Dietzen, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for respondent.

Mark E. Miller, Hessian, McKasy & Soderberg, Minneapolis, for appellants.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and CRIPPEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellants, Carl Bolander & Sons, et al. (Bolander) owned real estate known as Boom Island, a 24–acre tract next to Nicollet Island near downtown Minneapolis. The city commenced eminent domain proceedings in 1981. By order issued May 4, 1981 the trial court found the city had the power and authority to condemn the property and that Bolander was not entitled to compensation for the going concern value of its business. (Bolander operated a demolition, excavating, and rock crushing operation on Boom Island and argued that maintaining close proximity to downtown gave it a market advantage.) Bolander attempted to appeal the May 4 order, but on July 28, 1981, the supreme court dismissed Bolander's appeal.

Subsequently, a hearing was held before condemnation commissioners, who awarded Bolander compensation for the taking. Bolander appealed the award to district court. After a special verdict, Bolander moved for a new trial. The motion was denied by order dated November 25, 1988.

Bolander filed this appeal seeking review of the November 25, 1988 and May 4, 1981 orders. This court questioned jurisdiction and directed the parties to file informal memoranda regarding the appealability of the orders.

### DECISION

Eminent domain proceedings are "special proceedings." *Antl v. State*, 220 Minn. 129, 133, 19 N.W.2d 77, 79 (1945). The proper appeal in such proceedings is generally from the final decision, order or judgment. *See* Minn.R.Civ.App.P. 103.-03(g); *Schiltz v. City of Duluth*, 435 N.W. 2d 625 (Minn.Ct.App.1989). In special proceedings, a motion for a new trial is not needed to preserve issues for appellate review, and an order denying such a motion is not appealable. *Id.; see Knutson v. Commissioner of Public Safety*, 406 N.W.2d 560 (Minn.Ct.App.1987) (order denying motion for new trial in implied consent proceeding is not appealable). Similarly, an order denying a motion for new trial in a condemnation proceeding is not appealable.

Historically, the proper appeal in eminent domain proceedings has been from the final

judgment [1] of condemnation, not the order approving the petition. *See County of Blue Earth v. Stauffenberg*, 264 N.W.2d 647, 649 (Minn.1978) (proper appeal from final certificate filed with county recorder after entry of final judgment); *State v. Wren, Inc.*, 275 Minn. 259, 262, 146 N.W.2d 547, 550 (1966) (appeal from final judgment, not order granting condemnation petition); *Town of Lebanon v. Land Holding Co.*, 274 Minn. 558, 559, 143 N.W.2d 60, 61 (1966) (appeal from final judgment, not order).

In 1978, in deciding *Stauffenberg*, the supreme court recognized the traditional route of appeal, and further provided that:

> *Henceforth*, in a condemnation proceeding where the issue of public necessity has been determined by the district court, an aggrieved party *may* appeal directly to this court from the district court order.

*Stauffenberg*, 264 N.W.2d at 650 (emphasis added). After *Stauffenberg*, appeals in condemnation proceedings are authorized from either the order on public necessity or from the final judgment. On appeal from the final judgment, the parties may obtain review of other interlocutory or intermediate orders pursuant to Minn.R.Civ.App.P. 103.04. *See Wren, Inc.*, 275 Minn. at 262, 146 N.W.2d at 550.

In *State v. Savage*, 255 N.W.2d 32 (Minn. 1977), the supreme court noted that the state had untimely appealed several orders denying new trials. The time to appeal from the judgments had not expired, and the court allowed the state to file "appeals from the judgments and [proceeded] to consider the merits of the appeals." *Savage* at 36. The court did not hold that an order denying a motion for a new trial in condemnation proceedings was appealable, and in fact considered the appeal as though properly taken "from the judgments." *Id. See*

*Chapman v. Dorsey*, 230 Minn. 279, 288, 41 N.W.2d 438, 443 (1950) (mere existence of occasional opinions on merits, without comment on basis for jurisdiction, does not render non-appealable order appealable).

 In this case, judgment has not yet been entered, and no certificate has been recorded. Neither the May 4, 1981 order disallowing "going concern" compensation or the November 25, 1988 order denying a new trial is appealable, but both would be reviewable on appeal from the final judgment.

APPEAL DISMISSED.

---

**1.** After the jury returns a special verdict, judgment is entered fixing the amount of damages payable and the terms and conditions of the taking. Minn.Stat. § 117.185 (1988). After the entry of judgment, the attorney for petitioner makes a certificate describing the property, the purposes for which it was taken, and the amount of final payment, and files the certificate with the court administrator for recording by the county recorder. Minn.Stat. § 117.205 (1988). The supreme court in *Stauffenberg* indicated that the final certificate is treated as a "final judgment" and may be appealed. *County of Blue Earth v. Stauffenberg*, 264 N.W.2d 647, 649 (Minn.1978).