**CITY OF EAGAN, Petitioner,
Respondent,**

v.

**Robert J. O'NEIL, et al., Petitioners,**

**Federal Land Bank of St. Paul, et al.,
Lower Court Respondents.**

No. C4–89–238.

Court of Appeals of Minnesota.

March 28, 1989.
Review Denied June 9, 1989.

Paul H. Hauge, Hauge, Eide & Keller, P.A., Eagan, James F. Sheldon, McMenomy & Severson, Ltd., Apple Valley, for petitioner, respondent.

Harold H. Sheff, Olson, Gunn & Seran, Minneapolis, William R. Busch, St. Paul, for petitioners.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and CRIPPEN, JJ., without oral argument.

## OPINION

WOZNIAK, Chief Judge.

### FACTS

The O'Neils own land in Eagan. In 1985, the city acquired permanent easements, by exercise of its powers of eminent domain, for the construction of storm sewer ponds. The O'Neils made no objection to the findings of public purpose and necessity. No appeal was taken from the November 1985 order allowing the taking.

In November 1988, the O'Neils moved the trial court for a rehearing on the issues of public purpose and necessity. They argued the city acquired the easements solely to benefit a private developer. The motion was denied by order on January 12, 1989, upon findings there was no evidence the taking was unconstitutional, and there was no need for a rehearing. The O'Neils seek discretionary review.

### DECISION

1. Review of Taking.

■ We recently had occasion to discuss appeals in condemnation proceedings. *Park & Recreation Board of Minneapolis v. Carl Bolander & Sons Property,* 436 N.W.2d 481 (Minn.Ct.App.1989). Before 1978, a party wishing to challenge an order finding public purpose and necessity and granting the petition to take had two opportunities to obtain appellate review. They could immediately seek discretionary review of that order, or they could appeal from the final judgment, after compensation was established, and raise the issue at that time. *County of Blue Earth v. Stauffenberg,* 264 N.W.2d 647, 649–50 (Minn. 1978). That procedure was "reversed" in *Stauffenberg,* when the supreme court an-

nounced that direct appeals could thereafter be taken, in accordance with the Rules of Civil Appellate Procedure, from the order on public necessity. *Id.* at 650.

Even before *Stauffenberg,* when no immediate appeal could be taken from the order allowing the petition, failure to timely assert objections to the taking barred all future challenges. *State v. Wren, Inc.,* 275 Minn. 259, 262–63, 146 N.W.2d 547, 550 (1966). A landowner may not, during the phase of proceedings concerning compensation, amend their pleadings or assert "objections which were required to be asserted in the hearing on the petition, the *only* time provided for contesting the validity of the taking." *Id.* at 263, 146 N.W.2d at 550 (emphasis added).

The O'Neils are bound by their failure to contest the existence of a public purpose for the taking in 1985, and by their failure to appeal that determination. The sole issue now pending before the district court is the extent of damage sustained as a result of the taking. *Id.* The taking was allowed in 1985 without challenge to the existence of public purpose, the time for appeal has expired, and the issue may not be raised during the compensation proceedings or on appeal from the final judgment. *Id.; see also Dennis Frandsen & Co. v. Kanabec County,* 306 N.W.2d 566, 570 (Minn.1981) ("Having failed to appeal" the earlier decision, the party is bound thereby, and that decision becomes "the law of the case, *not* reviewable" on a later appeal.) (emphasis added). We see no compelling reason to grant discretionary review of the 1989 order refusing to reconsider issues decided in 1985.

2. Timeliness of Response.

■ A party may serve, and file four copies of, a response to a petition for discretionary review "within 7 days after service of the petition." Minn.R.Civ.App.P. 105.02. The petition in this case was served by mail on February 9, 1989. Service was complete when the petition was mailed, but three days must be added to the time afforded for response. Minn.R. Civ.App.P. 125.03. Thus, the city had ten

days from February 9 to serve and file its response.

Time periods prescribed by the Rules of Civil Appellate Procedure are computed in accordance with Minn.R.Civ.P. 6.01. Minn.R.Civ.App.P. 126.01. Since the tenth day after February 9 was Sunday, February 19, the response time ran "until the end of the next day which [was] not a Saturday, Sunday, or a legal holiday." Minn.R.Civ.P. 6.01. Monday, February 20 was Presidents' Day. The response was timely served and filed on Tuesday, February 21. No extension of time is necessary, and the city's motion for that relief is moot.

**Petition for discretionary review denied.**