**CITY OF DULUTH, Petitioner, Respondent,**

v.

**William R. STEPHENSON, Jr., et al., Appellants,**

**Larson Huseby and Brodin Ltd., et al., Lower Court Respondents.**

No. C2–91–1632.

Court of Appeals of Minnesota.

March 17, 1992.

Review Denied May 15, 1992.

Gaylord W. Swelbar, Robin C. Merritt, Krista K. Martin, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for respondent.

Richard J. Gunn, Bradley J. Gunn, Marc D. Simpson, Leonard, Street and Deinard, Minneapolis, Arthur O. Anselmo, Cook, for appellants.

Considered and decided by SCHUMACHER, P.J., and KALITOWSKI and STONE,* JJ.

OPINION

KALITOWSKI, Judge.

Appellants argue that the trial court erred by granting the City of Duluth's "quick-take" condemnation petition. Respondent argues that the trial court's order is not appealable at this time since Stephenson does not question the public necessity for the taking but only challenges the necessity for the quick-take and the city's compliance with procedural requirements. We agree with respondent that Stephenson's appeal is premature.

FACTS

In June of 1991 the City of Duluth commenced a condemnation action against William R. Stephenson, Jr. and Stephenson & Company Real Estate. Stephenson owns the Phoenix Building in downtown Duluth

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

and Stephenson & Company is a tenant in the Phoenix Building. The city wanted to acquire an easement through the second floor of the Phoenix Building for the purpose of expanding the skywalk system in downtown Duluth. The city petitioned the court to quick-take the property pursuant to Minn.Stat. § 117.042 (1990). The court granted the city's request on August 1, 1991. Stephenson appeals from this order arguing that the city failed to establish the necessity for the quick-take and did not comply with the procedural requirements outlined in Minn.Stat. § 117.042. He does not challenge the public necessity of the taking.

## ISSUE

May an appeal be taken directly from an order granting a quick-take condemnation petition absent a public necessity challenge?

## ANALYSIS

Respondent argues that the August 1, 1991, order is not appealable. We agree. It is well settled that an intermediate court order granting a condemnation petition is not a final order from which an appeal may be taken. *See State by Mondale v. Wren Inc.*, 275 Minn. 259, 262, 146 N.W.2d 547, 550 (1966); *Village of Roseville v. Sunset Memorial Park Assoc.*, 262 Minn. 108, 110–11, 113 N.W.2d 857, 858–59 (1962). Rather, the appeal should be taken from the final judgment. *Wren*, 275 Minn. at 262, 146 N.W.2d at 550.

An exception to this general rule was announced in *County of Blue Earth v. Stauffenberg*, 264 N.W.2d 647 (Minn.1978). The *Stauffenberg* court held that where the issue of public necessity has been determined in the trial court, an aggrieved party has a direct appeal from the district court's order granting the condemnation petition. *Id.* at 650.

The public necessity exception, however, was expressly limited in *Alexandria Lake Area Serv. Region v. Johnson*, 295 N.W.2d 588, 590 (Minn.1980). The *Johnson* court addressed the timeliness of an appeal challenging a trial court's instruction that the

cost of hooking up to a sewer line is a compensable condemnation damage. *See id.* at 589–90. The appeal was taken after the commissioners' award. *Id.* at 589. The court held that the appeal was timely and distinguished *Stauffenberg* noting:

> [T]he *Stauffenberg* case involved the appealability of the public necessity determination contained in the district court order and is, therefore, distinguishable from the issue involved herein. We decline to extend the rule of the *Stauffenberg* case to situations beyond those involving the issue of public necessity.

*Id.* 295 N.W.2d at 590. Based on this express limitation of *Stauffenberg*, we conclude that Stephenson's appeal of the August 1, 1991, order is premature.

## DECISION

Because Stephenson does not challenge the public necessity for the condemnation, the order granting the quick-take condemnation petition is not a final order from which an appeal may be taken.

Appeal dismissed.