**Martin C. JUDD, Respondent,**

v.

**STATE of Minnesota, by Hubert H. HUMPHREY, its Attorney General, Appellant.**

**No. C3–92–869.**

Court of Appeals of Minnesota.

Aug. 18, 1992.

508

James W. Nelson, Brainerd, for respondent.

Hubert H. Humphrey, III, Atty. Gen., James C. Donnelly, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and KALITOWSKI and AMUNDSON, JJ.

.SPECIAL TERM OPINION ·

WOZNIAK, Chief Judge.

### FACTS

Appellant State of Minnesota commenced this eminent domain proceeding to acquire property from respondent Martin Judd. Judd filed a timely appeal of the commissioners' award of damages with the district court, but did not serve a copy of the notice of appeal on appellant within the 40–day appeal period. *See* Minn.Stat. § 117.145 (1990).

Appellant moved to dismiss, arguing that respondent's failure to serve the notice of appeal deprived the trial court of subject matter jurisdiction. The trial court denied the motion, and purported to certify an important and doubtful question under Minn.R.Civ.App.P. 103.03(h). This court questioned jurisdiction and directed the parties to file informal memoranda regarding the appealability of the order.

### DECISION

 An appeal may be taken from "an order which denies a motion to dismiss for failure to state a claim upon which relief can be granted or from an order which denies a motion for summary judgment," if the trial court certifies that the question presented is important and doubtful. Minn.R.Civ.App.P. 103.03(h). The rule does not authorize certification of questions from other types of orders. Because the order in this case denied a motion to dismiss based on a jurisdictional defect, rather than a motion to dismiss for failure to state a claim upon which relief can be granted or a motion for summary judgment, certification was improper.

Eminent domain proceedings are "special proceedings." *Antl v. State,* 220 Minn. 129, 133, 19 N.W.2d 77, 79 (1945). Except for a challenge to the trial court's determination of public necessity for the condemnation, interlocutory orders are nonappealable. *See* Minn.R.Civ.App.P. 103.-03(g); *City of Duluth v. Stephenson,* 481 N.W.2d 577, 578 (Minn.App.1992), *pet. for rev. denied* (Minn. May 15, 1992).

Because the motion to dismiss in this case was based on a claim that the trial court lacked subject matter jurisdiction, however, we conclude the order is appealable as of right independent of Rule 103.03. *In re State & Regents Bldg. Asbestos Cases,* 435 N.W.2d 521, 522 (Minn.1989) (citing *Hunt v. Nevada State Bank,* 285 Minn. 77, 172 N.W.2d 292 (1969)). Although the order in this case is not appealable under Minn.R.Civ.App.P. 103.03(h), a direct appeal is authorized because the order denies a motion to dismiss for lack of subject matter jurisdiction.

Appeal to proceed.