The **HOUSING AND REDEVELOPMENT AUTHORITY in and for the City of Fridley, petitioner, Respondent,**

v.

**MAIN STREET FRIDLEY PROPERTIES, LLC,**
**Appellant.**

No. A08–0880.

Court of Appeals of Minnesota.

Sept. 16, 2008.

Phillip R. Krass, C. John Jossart, Molly R. Hamilton, Krass Monroe, P.A., Minneapolis, MN, for respondent.

Robert Bennett, Scott M. Rusert, Ryan O. Vettleson, Flynn, Gaskins & Bennett, L.L.P., Minneapolis, MN, for appellant.

Considered at Special Term and decided by TOUSSAINT, Chief Judge; PETERSON, Judge; and MINGE, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

For the purpose of constructing the Fridley Rail Station on the North Star Commuter Rail Line, respondent The Housing and Redevelopment Authority in and for the City of Fridley petitioned to condemn property owned by appellant Main Street Fridley Properties, LLC. Appellant challenged both the public purpose and necessity for the taking and respondent's authority to take the property for the purpose of constructing a rail station. In an order filed on April 22, 2008, the district court granted respondent's condemnation petition. On April 23, 2008, respondent served a notice of filing of the April 22, 2008 order on appellant.

On May 22, 2008, appellant filed a motion in district court for a new trial. On May 23, 2008, appellant filed this appeal. This court questioned whether the appeal was premature due to the pendency of the new-trial motion. The parties submitted jurisdiction memoranda.

### DECISION

An appeal may be taken "from such orders or decisions as may be appealable by statute or under the decisions of the Minnesota appellate courts." Minn. R. Civ.App. P. 103.03(j). Where the issue of public necessity has been determined in the district court, an aggrieved party has a right to appeal the district court's order granting the condemnation petition. *County of Blue Earth v. Stauffenberg*, 264 N.W.2d 647, 650 (Minn.1978). The eminent-domain statute now authorizes an appeal from a court order approving the public use or public purpose, necessity, and authority for the taking. Minn.Stat. § 117.075, subd. 1(c) (2006). The April 22, 2008 order granting the condemnation petition is appealable under Minn. R. Civ. App. P. 103.03(j) because both *Stauffenberg* and section 117.075, subdivision 1(c), authorize an immediate appeal of such an order.

"Unless a different time is provided by statute," an appeal from an appealable order may be taken within 60 days after any party serves written notice of its filing.

Minn. R. Civ.App. P. 104.01, subd. 1. "Unless otherwise provided by law," if any party serves and files a proper and timely motion of a type specified in the rule, the time for appeal of the order or judgment that is the subject of the motion "runs for all parties from the service by any party of notice of filing of the order disposing of the last such motion outstanding." *Id.* A motion for a new trial under Minn. R. Civ. P. 59 is included in the list of tolling motions. *Id.*, subd. 2(d).

Unless section 117.075, subdivision 1(c), provides otherwise, if appellant's motion for a new trial was timely and proper, then the motion tolled the time to appeal, and this appeal was filed prematurely. A notice of appeal filed before the disposition of a proper and timely tolling motion "is premature and of no effect, and does not divest the trial court of jurisdiction to dispose of the motion." Minn. R. Civ.App. P. 104.01, subd. 3.

■ Eminent-domain proceedings are "special proceedings." *Antl v. State,* 220 Minn. 129, 133, 19 N.W.2d 77, 79 (1945). When the legislature has indicated its intention that a special proceeding is to proceed as other civil cases, a motion for a new trial is authorized and appealable. *Schiltz v. City of Duluth,* 449 N.W.2d 439, 441 (Minn.1990). Although the statute authorizes an evidentiary hearing on the condemnation petition, the statute does not provide that the matter proceed as in other civil cases. Minn.Stat. § 117.075, subd. 1(a) (2006); *cf.* Minn.Stat. § 586.08 (2006) (providing that in mandamus action, issues shall be tried, and further proceeding had, in same manner as civil action).

"A court order approving the public use or public purpose, necessity, and authority for the taking is final unless an appeal is brought within 60 days after service of the order on the party." Minn.Stat. § 117.075, subd. 1(c). Because section 117.075, subdivision 1(c), specifies that the order granting the condemnation petition becomes "final" unless the appeal is taken within the 60–day period, and the statute does not indicate that the matter is to proceed as in other civil actions, appellant's motion for a new trial did not toll the appeal time under Minn. R. Civ.App. P. 104.01, subd. 2.

■ Our conclusion that section 117.05, subdivision 1(c), does not provide for the tolling of the 60–day appeal period by a postdecision motion is consistent with the purpose of requiring an interlocutory appeal. Orders determining the issues of public purpose and necessity in condemnation actions are immediately appealable "to preclude the waste of judicial economy" that would result if the initial taking were to be invalidated later. *Alexandria Lake Area Serv. Region v. Johnson,* 295 N.W.2d 588, 590 (Minn.1980). In view of the possibility that construction on the project will proceed during the pendency of the appeal from the order granting the condemnation petition, both judicial economy and the public interest are served by requiring an appeal from the order granting the petition within the 60–day period.

Because section 117.075, subdivision 1(c), precludes the tolling effect of a postdecision motion under Minn. R. Civ.App. P. 104.01, subd. 2, this appeal was not filed prematurely. Once the appeal was filed, the district court lost jurisdiction to rule on appellant's motion for a new trial. Generally, the filing of a proper and timely appeal suspends the district court's authority "to make any order necessarily affecting the order or judgment appealed from." Minn. R. Civ.App. P. 108.01, subd. 1. Moreover, the expiration of the 60–day appeal period under Minn.Stat. § 117.05, subd. 1(c), after respondent served a notice of filing of the order on April 23, 2008, deprived the district court of jurisdiction to rule on appellant's motion for a new trial.

*See Marzitelli v. City of Little Canada,* 582 N.W.2d 904, 906–07 (Minn.1998) (holding that district court's jurisdiction to determine posttrial motion does not extend beyond running of time for appeal).

**Appeal to proceed.**